Marshall, Ch. J.,
 

 delivered the opinion of the court as follows, viz : — This case comes on upon a special demurrer to a replication filed by the plaintiffs to a plea of payment after the day. The replication is double, and consequently ill. But it is a known rule, that a demurrer brings all the pleadings before the court; in consequence of which, judgment must be rendered against him who has committed the first fault; or, which will most generally produce the same result, for him who, upon the whole record, shall appear to be entitled to their judgment. It, therefore, becomes necessary, to examine the plea of the defendants. By their agreement with the secretary of the treasury, they were bound to pay to the bankers of the United States, in Amsterdam, the sum of 500,000 guilders in the following manner, viz., 230,000 guilders on or before the first day of February; 170,000 guilders on or before the first day of March ; and the remaining 100,000 guilders on or before the first day of June, in the year 1803. The first payment was made on the day, and the last before the day, but the second payment was made on the 13th day of May, instead of the first day of March. On the effect of this payment, the whole case depends.
 

 The defendants plead, that they did, on the 13th day of May, at Amsterdam, pay to the bankers of the United States, for the use of the United
 
 *205
 
 States, the sum of 170,000 guilders. The replication admits this payment as pleaded, but denies that it was accepted, received and allowed by the United States in payment and satisfaction of the same sum which was payable on the first of March. The replication proceeds to aver that the said sum of 170,000 guilders was not paid on the first day of March, nor had the defendants paid the damages of twenty per cent, which were stipulated, in case of failure to pay on the day.
 

 The fact, upon these pleading, appears to be, that the payment was received by the United States, without any *stipulation respecting the effect of that receipt, upon their agreement with the defendants. *- If payment to the bankers of the United States, the persons to whom by agreement the money was to be paid, was not payment to the United States, it would not be a payment to the use of the United States, which the plea avers, and the replication in terms admits. In such case, the replication, instead of averring that this sum was not accepted in satisfaction of the same sum, payable at an earlier day, would have averred, and ought to have-averred, that it was not accepted at all, and was not a payment to the use of the United States, in which case, instead of a special replication, issue might have been tendered on the plea. The court, then, understands the fact, as stated in the pleadings, to be, that the money was received without any agreement whatever, and the law must determine the effect of such a payment.
 

 The payment made to the bankers, in Amsterdam, being, then, an actual payment to the United States, the inquiry is, whether it was such a payment, and is so pleaded, as to bar this action ? It is admitted, that the statute of Anne, which allows payment after the day to be pleaded, is in force in Pennsylvania, but it is contended, that this bond is not within that statute ; or, if it is, that this plea is not good under it. If this be a bond within the statute of Anne, on which the court gives no opinion, yet by that statute, the payment must be of the whole sum actually due, or the action for the penalty is not barred. In this case, the sum due on the first of March was-paid on the 13th of May, without interest or damages.
 

 By the United States, it is contended, that damages at the rate of twenty per centum on the sum of 170,000 guilders were then due ; by the defendants, it is contended, that no interest was due. *The words of the [-*343 contract, to which each party refers, are not precisely the same in * the condition of the bond, and in the articles of agreement which are referred to by the bond. There is no contradiction between them ; but there is a variance in this, that the condition of the bond expresses more fully than the articles, the idea of the parties, that in case of failure to perform the contract at Amsterdam, the demand for payment was to be made in Philadelphia. The words of the condition are, “ or in case the said sums shall not be paid as aforesaid, then to repay to the United States the value of the said 500,000-guilders, at the rate of exchange current in Philadelphia, at the time demand of payment is made, together with damages at the rate of twenty per cent., in the same manner as if bills of exchange had been drawn for the said sum,, and they had been returned protested for non-payment, and lawful interest for any delay of payment that may take place after the demand.”
 

 The defendants were merchants, residing and carrying on trade in Philadelphia, in which place the contract was made, and by the law of the state,
 
 *206
 
 bills of exchange returned unpaid, under protest, are liable to twenty per cent, damages. It is sufficiently obvious, from these circumstances, and from the words of the condition, that the parties contemplated a repayment in Philadelphia, in the event of non-payment in Amsterdam.
 

 It is contended by the plaintiffs, that the instant the failure to pay the 170,000 guilders, on the first of March, had taken place, a full and complete right to the stipulated damages was vested in the United States, without any further act on their part; and that a payment of the principal sum on the succeeding day would not have relieved the defendants from those damages. In this opinion, the court does not concur with the counsel for the United States.
 

 Contracts are always to be construed with a view to the real intention of the parties. In this contract, the object of the United States was to remit t0 their bankers in Amsterdam a sum of money, for which they had *oeJ casion in Europe. The heavy damages to be incurred by the defendants, in the event of their failing to made their stipulated payments in Amsterdam, were considered as a compensation for the disappointments produced by the non-payment of the money at that place, in such time as to answer the purposes of the contract. Whether payment at the same place, on a subsequent day, would answer these purposes, was for the United States to determine. They might accept it, or they might reject it, and claim whatever the law of their contract would give them. In the event of non-payment in Amsterdam, at the time stipulated, the defendants are to repay to the United States the value of the guilders they shall have failed to pay in Amsterdam, “ at the rate of exchange current in Philadelphia, at the time demand of payment is made, together with damages at the rate of twenty per cent.” The fair interpretation of this agreement is, that the demand is to be made in Philadelphia, that the money is to be repaid in Philadelphia, and that the damages are upon the money there to be repaid. Had a part of the sum of 170,000 guilders been paid on the first of March, it will scarcely be contended that damages would have accrued on that part. A repayment of it could not have been demandable in Philadelphia. It appears to the court, that the acceptance of any part of the sum due in Amsterdam, on a subsequent day, is a waiver of the claim to damages, in Philadelphia, on the sum so accepted, for that sum cannot be demanded in Philadelphia.
 

 This reasoning, to which the majority of the court would strongly incline, from the nature and circumstances of the contract, derives much additional force from the reference to bills of exchange. The repayment of the value of the guilders, “ at the rate of exchange current in Philadelphia, at the time demand of payment is made, together with damages at the rate of twenty per cent.,” is to be made “ in the same manner as if bills of exchange had been drawn for the said sum, and they had been returned protested for non-payment.” Why is this reference made to bills of exchange ?
 

 *The stipulation that damages at the rate of twenty per centum should be incurred on those sums which the defendants might fail to pay, at the time and place mentioned in their contract, did not require it, unless the law of bills of exchange was either to explain or to give validity to that stipulation. To a majority of the court, it is satisfactory evidence, that the parties intended this contract, if not as a complete substitute for bills of exchange, to operate between themselves as if bills had been drawn.
 
 *207
 
 The law of Pennsylvania regulating bills of exchange was well understood. If those drawn on any part of Europe are returned back unpaid, with a legal protest, the drawers and indorsers are subjected to damages at the rate of twenty per centum. But the right to these damages is not complete, until the bill be returned back under protest. Until then, they are not demand-able.
 
 [1]
 
 Consequently, payment before the bill returns, does away the right to demand them. By receiving payment, the holder waives his right to damages. The express reference to bills, which is made in this contract, and the terms in which that reference is made, being considered by the majority of the court as explanatory of the intention of the parties that the right to damages should be put on the same footing as if bills had been drawn, form an additional reason for their opinion, that an acceptance in Amsterdam, after the day, before a demand in Philadelphia, amounts to a waiver of any right the United States might otherwise, perhaps, have had to demand the stipulated damages.
 

 But whether the sum agreed to be paid as a compensation, for a failure to pay at the time and place mentioned in the contract, be considered merely as a penalty, or as stipulated damages, of which the law will coerce the payment, a forfeiture took place on the non-performance of the condition of the bond, and a right to something more than that condition vested immediately in the obligees. If the reservation of damages in the condition of the bond is in law only a double penalty, then interest is the legal compensation for this breach of the covenant contained in the condition of the bond. If it be even of the character given to it by both parties in argument, the amount of damages settled by the parties themselves, the majority of the court *is not satisfied, that in waiving those damages, the [*346 obligee has, without any agreement on the subject, relinquished that right to interest which is attached to all contracts for the payment of money, which is only displaced by the agreement to receive a larger sum in damages, and which a mere tacit implied waiver of those stipulated damages might reinstate. The majority of the court, therefore, is of opinion, that under the circumstances which have taken place, the United States ought to receive, under this contract, interest on the sum of 170,000 guilders, from the first of March, the day on which that sum ought to have been paid, until the 13th of May, the day on which it was actually paid. Judgment, therefore, on the pleadings, must be rendered for the plaintiffs.
 

 By the 26th section of the judicial act, it is directed, that in cases of this description the court shall render
 
 “
 
 judgment for so much as is due according to equity. And when the sum for which judgment should be rendered is uncertain, the same shall, if either of the parties request it, be assessed by a jury.”
 

 In this case, it is the opinion of the majority of the court, that judgment ought to be rendered for so much as remains due of the sum of 170,000 guilders, calculating interest thereon from the first of March in the year 1803, and if either of the parties request it, that a jury be impannelled to ascertain the value of this sum in the money of the United States.
 

 [1]
 

 Stewart
 
 v.
 
 Ralston, 2 Miles 257.