Judge Owsley
delivered (he Opinion of the Court.
By a writing signed with his name, and sealed with his seal, and dated the 25th day of ' July, 1823, John M’Waters promised, on or before the first day of January next thereafter, to p’ay Noah Hallowell, eighty dollars and fifty cents, which might be discharged in Commonwealth’s Bank paper.
The writing so executed by M’Waters, was after-wards, on the 19th day of April, 1824, assigned by Noah Hallowell to Miles Hallowell, and by Miles Hallowell, on the llth of May, 1824, was assigned to John Draper.
Draper brought an action of debt on the writing, and after setting it out in his declaration, and avering the different assignments, charges M’Waters with having failed to pay the amount stipulated in the writing, either to Noah Hallowell, Miles llallowell, or to Draper &c.
M’Waters demurred to the declaration, and pleaded—
First: That Draper, his action against him to have and maintain, ought not, as to the sum of twenty dollars, part of the debt in the declaration mentioned, for he saith that he hath paid twenty dollars of the debt, in the writing obligitory declared on to said Noah Hallowell, before the as - *495 signment to said Miles Hallowell, and this he is ready to verify.
Second plea.
Plea of nil debet.
Demurrer to the pleas.
Judgment of the circuit court for the plaintiff on all the demurrers.
Declaration held sufficient.
At common • law, payment after the day was no plea.
Second: And for further plea, the said M’Waters says, the said Draper, his action ought not to have and maintain, because he says, it was agreed between the plaintiff and defendant, that the defendant should give one-half pint of whiskey to said Noah Hallowell, in discharge of said obligation, and the defendant says, that he did give to the said Hallow-ell one-half pint of whiskey, before the assignment to Miles, which lie accepted in full discharge of said obligation, and this he is ready to verify &c.
And for third plea, the said M’Waters pleaded nil debet,
Draper joined the demurrer to his declaration, and demurred to each of the pleas, which demurrers of Draper were also joined by M’Waters.
The demurrer to the declaration was overruled by the court, and each plea adjudged bad. Final judgment, was then rendered in favor of Draper for the debt &c.
To reverse that judgment, this writ of error with supersedeas is prosecuted by M’Waters.
The assignment of errors question the correctness of the decisions of the court upon each demurrer.
With respect to the decision upon the demurrer to tlie declaration, no solid objection is discerned. The writing is one upon which debt may be maintained, and the declaration in due and apt form contains every allegation necessary to shew a good cause of action.
Nor do we perceive any error in the decision on the demurrer to the first plea. That plea undoubtedly cannot be sustained upon principles of common law. We object not to the plea on the ground of any informality, hut Ave understand it as having been designed to answer but part only of the demand set out in the declaration, and consider it sub.stantially insufficient to bar any part of the plain-
Payment after the clay, is made a good plea by the statute— but the plea must aver payment in lull of all due.
Whore the plea professing tp answer a part of the demand, is ill for any part, the plaintiff may demur to the plea, as to a plea in defence of the whole action,
*496 tiff’s demand, upon common law principles. Payment was no doubt, at common law, a good plea; but the doctrine is well settled, that the payment must be pleaded according to the terms of the bond upon which the action is founded. The plea to have been good at common law, therefore, should have alleged the payment to have been made, either on the day the money was stipulated to be paid, or on some day between that day and the date of the writing upon which the action is founded. Such an allegation is not matter of form only; it is essential to shew that in making the payment, the defendant liad been in no default, and had done what he had undertaken to perform, according to the terms of his obligation.
The common law has, we know, undergone a change with respect to pleading payment, to actions for debt upon bonds &c. but we apprehend that it is equally clear that according to the statute which has produced the change, the plea is equally bad. By the statute, if payment be made, though neither at the day or place mentioned in the bond &c., yet, if made after the day, such payment may be specially pleaded; but it is perfectly clear that to he an available defence at law, the payment after the day, must be of the whole sum then due; and unless the plea aver it to be such, it will be adjudged bad: United States vs. Gurney, 4 Cranch 333. Considered, therefore, not as a plea alleging payment at the day, but as one under the statute avering payment after the day, the plea is clearly bad, because it barely alleges payment of part of the demand sued for.
But admitting the plea to be bad, it was contended in argument, that the court did wrong in giving judgment in favor of the plaintiff upon the demurrer. It was said that the pl.ea purports to answer but part of the demand, and it was contended that by treating it, in his demurrer, as a defence to his whole action, the plaintiff subjected himself to a discontinuance, and that the court should have rendered judgment, accordingly, for the defendant-We, however think differently. Indeed upon the *497 demurrer it was incumbent upon the court to look into the whole pleadings, and give judgment against him who committed the first fault, or, which will most generally produce the same result, for him who upon the whole record shall appear to be entitled to judgment. By treating the plea as a defence to the whole action, the demurrer is certainly not strictly formal, but the court should not be lead away from the merits of the contest by pursuing mere form, and lose the substance in the pursuit of the shadow. By pleading an insufficient plea to bar any part of the action, the defendant committed the first fault, and though the demurrer of the plaintiff td that plea is not formal, the plea is nevertheless bad and the court was correct in so adjudging it.
Plea of accord and satisfaction on a bond, must be pleaded as a satisfaction, of the money, not of the bond.
Mayes, for plaintiff; Triplett, for defendant,
The second plea was also properly adjudged invalid. It is undoubtedly true that accord and sat-: isfaction, has, in some cases, been adjudged a good plea to debt on a bond; but it is said, that to be an available defence, the accord must be executed before the day of payment mentioned in the bond, and must be pleaded in satisfaction of the debt, and not in satisfaction of the bond: Cro. Eli. 46; Cr. Ja. 254. The plea in question not only fails to state when the accord was made and the satisfaction received, but alleges that the whiskey agreed on by the parties, was paid and received, not in satisfaction of the money mentioned in the deed sued on, but in satisfaction of the deed itself. The plea is, therefore, unquestionably bad.
The third plea is nil debet, and so palpably insufficient, that in argument it was not even attempted tobe sustained. The judgment must be affirmed, with costs and damages.