## JONES VS. DAVIS.

*Execution upon dormant judgment.—Breach of covenant against incumbrances.—Who may acquire title by tax deed.*

24  229
82  244

24      229
61 LRA 367n

1. An execution issued upon a dormant judgment without reviving it against the personal representatives, or without leave of court, is not *void*.
2. A sale of land upon such an execution against the grantors of one who sold it with covenant against incumbrances, is a breach of the covenant.
3. One cannot take title by a tax deed, who was in possession and bound to pay the taxes when they were assessed.

APPEAL from the Circuit Court for *Fond du Lac* County.

The defendant appealed from an order refusing to set aside an assessment of damages, and a judgment entered thereon, against him and in favor of the plaintiff, and denying him leave to file an answer in the action. The cause of action on which the judgment was rendered, and the character of the proposed answer, will appear from the opinion.

*Jay Maham*, for appellant.

*Blair & Coleman*, for respondent.

COLE, J.  We are clearly of the opinion that the order appealed from must be affirmed, for the reason that the answer states no defense to the action.

The action is upon a covenant against incumbrances. The complaint alleges, that, at the time of the conveyance of the premises by the defendant to the plaintiff, they were not free from incumbrances, but, on the contrary, were subject to the lien of a judgment recovered August 24, 1855, by one Hugh Tyler against John B. Macy, the then owner of the property, and that, in June, 1865, an execution was issued upon this judgment, and the premises were sold to satisfy the same. This was before the conveyance by the defendant to the plaintiff.

In the second paragraph of the answer it is alleged, that Macy died on the first day of October, 1856, having previously sold and conveyed the lands to the grantors of the defendant, who have ever since owned and occupied the same. And it is further alleged, that no proceedings were taken to revive the judgment against Macy or his legal representatives. All this defense amounts to is, that execution was issued upon a dormant judgment, without reviving the same against the representatives, or without leave of court. But it is settled in this state, that an execution issued in this manner is merely voidable, and that a sale of property under it is valid. *Mariner v. Coon*, 16 Wis. 465; and this same case in 22 id. 421.

The other defense set up in the answer is, that in 1858 the premises were sold for taxes, and that on the first day of June, 1861, the lands were conveyed by a tax deed to the grantors of the defendant; that more than three years had elapsed after the execution and recording of the tax deed, before the conveyance to the plaintiff, during which time the defendant and his grantors had been in possession of the premises. But does this show that the lien of the judgment was cut off and destroyed by the tax deed? Clearly not. The answer shows that the tax title was obtained by the grantors of the defendant, who were in possession and under obligation to pay the taxes. A person in possession of lands, and whose duty it is to pay the taxes at the time of the assessment, cannot permit his own property to be sold for such taxes, and then obtain a tax deed for the purpose of cutting off a prior lien. This point has been so decided in the cases of *Smith v. Lewis*, 20 Wis. 350, and *Bassett v. Welch*, 22 id. 175.

Therefore, as the answer set up no valid defense to the action, the circuit court properly refused to set aside the judgment.

*By the Court.* — The order of the circuit court is affirmed.