WILLSON *v.* BINFORD, ADMINISTRATOR.

PROMISSORY NOTE.—*Action Against Endorser.—Diligence.—Delay in Issuing Execution.*—Where the endorsee of a promissory note secured by a mortgage on real estate, after the rendition of a judgment in his favor, against the maker thereof, for the amount of such note and the foreclosure of such mortgage, delays to issue an execution thereon for the space of forty-five days, and the amount realized on the sale of such mortgaged premises, and of all other property of the judgment defendant subject to execution, is insufficient to satisfy such judgment, the endorser of such note is discharged from all liability on his endorsement, for any unsatisfied balance.

SAME.—*Execution.—Lien.—Levy.*—An execution issued on such judgment is a lien upon the personal property of the judgment defendant, though a levy thereon and sale thereof can not be made until the mortgaged premises are first exhausted without satisfying such judgment.

SAME.—An execution may be issued upon such judgment, in term time, immediately upon the signing of the minutes thereof by the judge.

From the Montgomery Circuit Court.

*J. E. McDonald, J. M. Butler, F. B. McDonald, G. C. Butler, J. McCabe* and *S. C. Willson,* for appellant.

*C. L. Thomas, P. S. Kennedy* and *W. T. Brush,* for appellee.

WORDEN, C. J.—This was an action by the appellee, against the appellant, upon the endorsement by the defendant, to the plaintiff's intestate, of a promissory note executed by Cornelius Blair, to the defendant, Willson, for the sum of two hundred and thirty dollars, dated March 10th, 1870, and payable four years after date.

Demurrer to the complaint, overruled, and exception.

Issue, trial by the court, finding and judgment for the plaintiff.

Error is assigned upon the overruling of the demurrer to the complaint, and also upon overruling a motion for a new trial. As the same question, substantially, arises upon each of the rulings, we set out the facts appearing in evidence a little more fully than they are stated in the complaint.

The note, upon the endorsement of which the action was brought, is one of a series of ten, all executed by Blair to Willson, one maturing each year,—the last maturing ten years from date. Blair and his wife executed to Willson a mortgage on certain real estate, to secure the payment of the notes. Willson endorsed the notes, in blank, to Whitlock, the decedent, and delivered to her the mortgage. The note in question here is the fourth in the series and matured March 10th, 1874.

On April 15th, 1874, none of the notes having been paid, the plaintiff herein commenced his action, in the Montgomery circuit court, to foreclose the mortgage against Blair and his wife, and such proceedings were therein had as that, on the fourth day of the April term of said court, the first term of the court after the maturity of the note in question, the plaintiff recovered a judgment for the sum of sixteen hundred and twenty-two dollars and eighty cents, the amount found due upon the note here in question and the three preceding ones; and it was found that there would be due a certain sum upon the notes not then matured. The land not being susceptible of division, it was ordered to be sold and the proceeds applied to the payment of the sum found to be due, and the residue, if any, to the payment of the notes not due. And it was adjudged, that, if the mortgaged premises should not sell for sufficient to pay the amount due, the residue should be levied of the property of said Blair.

On June 13th, 1874, according to the test of the writ, an execution was issued on the judgment, but the same

was not placed in the hands of the sheriff until the 15th of that month.   On the writ, the sheriff sold the property, after duly advertising it, Binford becoming the purchaser, at the sum of fifteen hundred dollars.   The sheriff levied one hundred and six dollars and fifteen cents of other property of Blair, and returned the writ " partially satisfied, having exhausted the property of the defendant, as per schedule and appraisement filed herewith."

We pass over many questions made by counsel for the appellant, as there is one point on which the judgment will have to be reversed.   We think the plaintiff was guilty of such laches, in not issuing the execution sooner, as discharges the endorser.   The April term of the court, in Montgomery county, commenced on the fourth Monday of that month.   1 R. S. 1876, p. 386, sec. 61.   Not having consulted the calendar for that year, we suppose the fourth day of the term must have been about the first of May. About forty-five days elapsed between the date of the judgment, and the issuing of the execution and the placing of it in the hands of the sheriff.   In the case of *Spears* v. *Clark*, 7 Blackf. 283, it was held that a delay to issue execution for thirty days after the rendition of the judgment against the maker discharged the endorser.   The execution might have issued at once, upon the rendition of the judgment, or at least as soon as the minutes were signed by the judge.   There was no law requiring parties to wait until the close of the term, before issuing execution.   2 R. S. 1876, p. 197, sec. 405.   *Carpenter* v. *Vanscoten*, 20 Ind. 50.

We see no reason why such an execution should not be a lien upon the goods and chattels of the defendant therein, as provided for by 2 R. S. 1876, p. 200, sec. 413.   But if so, the necessity of promptness is quite as great or greater than in cases of ordinary judgments and executions against the makers of notes, in order to charge the endorsers.   In cases like the present the sheriff can not, probably, actually levy upon other property until he has

ascertained it to be necessary, by first selling the mortgaged premises. In the meantime, property might be placed beyond his reach, which he might have levied upon if he could have done so upon the receipt of the execution. We suggest these considerations in order to show that quite as much promptness in the issuing of execution should be required, in such cases, as is required in ordinary cases.

The defect in this case is apparent on the face of the complaint, and the demurrer to it should have been sustained.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.