## JONES ET AL. *v.* CARNAHAN ET AL.

JUDGMENT.—*Entering and Signing of.*—*Statute Construed.*—*Duties of Judge and Clerk.*—Section 22 of the circuit courts act of June 1st, 1852, 2 R. S. 1876, p. 10, in relation to the entering and signing of judgments, and the issuance of process thereon, is directory merely.

SAME.— *When Execution may be Issued.*—Such section contemplates, that single judgments or decrees may be immediately read and signed, separately from the other proceedings of the same day, so that executions may at once be issued thereon.

SAME.—*Irregularity in Issuing Execution may be Taken Advantage of only by Defendant.*—*Parties.*—Irregularity in the issuance of an execution can be objected to, not by the plaintiff in any other execution or judgment against the same defendant, but only by the defendant himself ; and even then only in a direct, and not in a collateral, proceeding.

From the Tippecanoe Circuit Court.

*R. C. Gregory, W. B. Gregory, J. R. Parmelee* and *L. L. Norton,* for appellants.

*B. W. Langdon,* for appellees.

PERKINS, J.—Motion to set aside an execution and levy. The motion is not made by the execution defendant.

He makes no objection to the execution or levy. The motion is made by the plaintiffs in another execution against the same defendant, with a view to subjecting the property levied on to the payment of their execution. It is a controversy between execution plaintiffs. The motion is not for the application of proceeds, but for a judgment that the execution sought to be set aside was void.

The plaintiffs, in this motion, state, that, on the 2d day of December, 1875, they obtained a judgment for over two hundred dollars against one George B. Roach, and caused an execution to issue thereon; but that the constable, to whom said execution was delivered, could not levy the same because the personal property of the execution defendant had been taken possession of by the sheriff, on an execution issued against said defendant Roach at an earlier hour of the same day than was that to the constable, on a judgment rendered by the circuit court of said county of Tippecanoe.

The objections to the execution from the circuit court to the sheriff are thus stated in the motion:

"That said judgment, in favor of said Carnahan and Murphy, against said Roach, was recovered on the morning of said 2d day of December, 1875; that, immediately thereafter, on the 2d day of December aforesaid, said Carnahan and Murphy caused execution to issue on the said judgment against said Roach, and to be placed in the hands of said Christian M. Nicely, the sheriff of Tippecanoe county, State of Indiana; that said sheriff levied said execution, on said 2d day of December, 1875, on a certain stock of boots and shoes, the personal goods and chattels of said Roach, in the store of said Roach in the city of Lafayette, Indiana, of great value, to wit, six hundred and two dollars; that said stock of boots and shoes comprised all the personal estate of said Roach subject to execution, and in-

cludes the same personal chattels of said Roach which have been levied upon by the constable aforesaid, on the execution issued as aforesaid, in favor of said petitioners against the said Roach; that said sheriff claims that the levy of his said execution was made prior to the levy of the execution in favor of your petitioners by the constable aforesaid; that said goods and chattels are now in the possession of said sheriff, and that he will proceed to advertise and sell the same, unless prevented therefrom by the interposition of this court; and your petitioners say, that the said execution in favor of said Carnahan and Murphy, now in the hands of said Nicely, sheriff aforesaid, was improvidently issued, and is void, for the following causes, to wit:

"1. That the same was issued on the said 2d day of December, 1875, before the clerk of said Tippecanoe Circuit Court had drawn up the proceedings of said court for said day, before the same had been publicly read in open court, and before the proceedings of said court had been duly signed by the judge thereof for said day.

"2. That the said execution was issued in favor of said Carnahan and Murphy, against said Roach, before their said judgment against Roach had been publicly read in open court and signed by the judge thereof.

"3. That said judgment, in favor of said Carnahan and Murphy, was signed by the judge of said Tippecanoe Circuit Court, and said execution issued thereon, before said judgment had been publicly read in open court, as the law directs.

"And your petitioners further say, that the levy of the execution aforesaid, in favor of said Carnahan and Murphy, against said Roach, is illegal and void for the causes following, to wit: That the said levy was made by the sheriff as aforesaid, the said execution issued, and the said judgment signed by the judge of the said Tippecanoe Circuit Court, before

said judgment had been publicly read in open court, as the law directs. Wherefore your petitioners pray that said execution may be set aside, and said levy vacated," etc.

It is admitted in the motion, that a valid and accurate judgment was recovered by Carnahan and Murphy, against Roach, on the morning of the 2d day of December, 1875. It is not denied that said judgment was duly recorded, nor that it had been read and signed by the court, before the execution issued ; but the complaint is, that it had not been publicly read and signed in open court, and it is insisted, that, for this reason, the execution was void.

A demurrer was sustained to the motion, and judgment overruling it rendered.

Error is assigned upon this action of the court.

The following is a section of the circuit court act, 2 R. S. 1876, p. 6, which was approved June 1st, 1852:

"Sec. 22. It shall be the duty of the clerk of the circuit court to draw up each day's proceedings at full length, and the same shall be publicly read in open court, after which they shall be signed by the judge; and no process shall issue on any judgment or decree of the court until it shall have been so read and signed."

The code of procedure act was approved June 18th, 1852, the 405th section of which is as follows, 2 R. S. 1876, p. 197:

" Writs of execution, as now used for the enforcement of judgment, are modified in conformity to this chapter [article], and any party in whose favor judgment has heretofore been, or may hereafter be rendered, may, at any time within ten years after the entry of judgment, proceed to enforce the same, as prescribed in this chapter [article]."

This section is as originally enacted, except that ten years have been substituted for five, as the time within which execution may issue afte. judgment. It is contended that this

section, being later than section 22 of the circuit court act, above quoted, repealed that section, and *Carpenter* v. *Vanscoten,* 20 Ind. 50, somewhat favors this proposition; but it will not be necessary for us, here, to express an opinion upon it.

We are satisfied said section 22, relied upon by appellants, is directory, and that the execution issued in this case, while it may have been irregular, was not void. We say it may have been irregular. The facts as to how, when or where the judgment was read, are not stated in the motion, but simply a conclusion of law. The presumption is, that the judgment was duly read and signed.

In *Nave* v. *King,* 27 Ind. 356, it is said:

" In *The People* v. *Allen,* 6 Wend. 486, the court, as we think, correctly laid down the general rule to be, that where the statute specifies the time within which a public officer is to perform an official act regarding the rights and duties of others, it will be considered as directory, unless the nature of the act to be performed, or the language used by the Legislature, shows that the designation of time was intended as a limitation of the power of the officer."

The cases bearing upon the question of the validity of the execution, in the case before us, are quite numerous, and, as we think, they establish two propositions:

1. That the execution may have been irregular, but not void; and,

2. That no one not a party to such execution can object to it.

The cases are collected in Freeman on Executions, section 25, to which work we refer for a statement of them. The author says:

" An execution issued in Massachusetts, in violation of the statute directing that ' no execution shall be issued within twenty-four hours after the entry of the judgment,' was adjudged to be void, and the title derived therefrom

was disregarded. *Penniman* v. *Cole*, 8 Met. 496. In the same State, a justice of the peace, who issued execution within less than twenty-four hours after the rendition of judgment, was held liable therefor in an action of trespass. *Briggs* v. *Wardwell*, 10 Mass. 356. But a very decided preponderance of the authorities is against the first decision above referred to, and in favor of the proposition that the premature issuing of an execution is an irregularity merely. The execution is erroneous, but, like an erroneous judgment, it must be respected, and may be enforced, until it is vacated in some manner prescribed by law. No one but the defendant can complain of it; and even he can not do so in any collateral proceeding." He cites *Wilkinson's Appeal*, 65 Pa. State, 190; *Lynch* v. *Kelly*, 41 Cal. 232; *Blaine* v. *The Ship Charles Carter*, 4 Cranch, 333; *Carson* v. *Walker*, 16 Mo. 85; *Bacon* v. *Cropsey*, 7 N. Y. 199. See, also, *Mariner* v. *Coon*, 16 Wis. 490; *Jones* v. *Davis*, 24 Wis. 229; *Doe* v. *Harter*, 2 Ind. 252; *Willson* v. *Binford*, 54 Ind. 569.

The cases cited in Freeman, *supra*, support the text.

We may properly call attention to the fact that section 22 of the circuit court act contains two clauses: the first directing each day's proceedings to be drawn up, read in open court and signed by the judge; the second declaring that no process (execution) shall issue on any judgment or decree till it has been so read and signed, contemplating that single judgments or decrees may be read and signed separately from the whole proceedings, so that execution may issue thereon. *Hunter* v. *The Burnsville Turnpike Co.*, 56 Ind. 213.

The judgment is affirmed, with costs.

Opinion filed at May term, 1878.
Petition for a rehearing overruled at November term, 1878.