## S. E. SHIMP
v.
## A. B. HAY.

APPEAL—EXECUTION ISSUED BEFORE PROCEDENDO FILED, NOT VOID. —An appeal was taken from a judgment of the circuit to the Appellate Court, and the appeal dismissed. Subsequent to the dismissal of the appeal and before a *procedendo* was filed in the circuit court, an execution was issued on the judgment in that court: *held*, that the execution was not void and that the issuing of it before the filing of the order of the Appellate Court was but an irregularity of which no one but the defendant could take advantage and being regular on its face was a sufficient justification for the officer proceeding under it, and that it could not be attacked collaterally.

APPEAL from the Circuit Court of DuPage county; the Hon. CHARLES KELLUM, Judge, presiding. Opinion filed April 6, 1881.

Action of replevin commenced by the appellee against the appellant, as sheriff, to recover certain goods and chattels levied upon by him by virtue of an execution issued out of the circuit court of said county, upon a judgment in favor of George W. Meacham et. al., and against the Illinois Linen Company. A jury was waived and the cause submitted to the judge of said court upon the following stipulated facts:

1. A judgment was duly rendered in the circuit court of said county, September 18, 1877, in favor of George W. Meacham, Benjamin F. Meacham and Frank Woodworth, against the Illinois Linen Company, for $516.73, damages and $24.80 cost.

2. From said judgment an appeal was allowed to the Appellate Court of the Second District of Illinois, upon condition that defendant, within thirty days from September 18, 1877, file a bond in the sum of $750, with security, to be approved by the clerk of said court, and thereupon a bond was filed September 21, 1877, a certificate of which is hereto attached.

3. A writ of *fi. fa.* upon said judgment was issued by the clerk of said circuit court January 5, 1878, subsequent to the dismissal of said appeal, under and by virtue of which writ, the

Shrimp v. Hay.

defendant above named levied upon certain property, January 8, 1878, which for the purpose of this suit, it is conceded was the property of defendant in execution, the validity of said levy being the only question involved in this cause.

4. A mandate from said Appellate Court ordering said circuit court to proceed to final execution of said judgment, was filed in the clerk's office of said court, February 9, 1878, together with *procedendo*. "A judgment was rendered for the plaintiff below and the sheriff appealed.

Messrs. Gary, Cody & Gary, for appellant, claimed that if the clerk of the circuit court took the responsibility and issued an execution before the filing of the *procedendo* the execution was not void, and cited Stewart v. Stocker, 13 S. and R. 199; Butler v. Haynes, 3 N. H. 21; Shirley v. Wright, 2 Lord Ray. 775; Bush's Case, Cro. Eliz. 1881; Ognel v. Paston, Cro. Eliz. 165; Richbell v. Goddard, Poph. 205; Wilkinson's Appeal, 65 Penn. St. 190; Lynch v. Kelley, 41 Cal. 232; Jackson v. Bartell, 8 John. Rep. 365; Bowman v. Tallman, 28 How. Pr. Rep. 482; Tidd's Practice, 1129; Blaine v. Ship Carter, 4 Cranch. 333; Carson v. Walker, 16 Mo. 85; Wilson v. Watson, 4 Bibb. 332; Bacon v. Cropsey, 71 N. Y. 198: Rohrer on Judicial Sales, 312; Freeman on Executions, Sec. 75.

Mr. Frank Crosby, for appellee, claimed that when the appeal bond was approved the cause was pending in the Appellate Court, and the jurisdiction was then transferred to that court, and that the cause could not again be reinstated in the circuit court until the mandate of the Appellate Court was filed in the office of the clerk of the circuit court. Simpson v. Alexander, 5 Gilm. 260.

Pillsbury, J. The only question argued by counsel is whether the execution upon which the sheriff seized the goods was void. The statute relied upon by appellee as rendering the writ void is § 82 of the Practice Act of 1872, as follows: "When an appeal or writ of error shall be prosecuted from a judgment, order or decree to the Supreme Court or Appellate Court, and such appeal or writ of error is dismissed, * * *

Shrimp v. Hay.

upon a copy of the order of the Supreme Court or Appellate Court, as the case may be, being filed in the office of the clerk of the court from which the case was originally removed, execution may issue, and other proceedings be had thereon in all respects as if no appeal or writ of error had been prosecuted.

The facts agreed show that the appeal had been dismissed by this court before the execution issued, the judgment of the court below was, therefore, at the time the writ was issued, in full force and effect, as the dismissal of the appeal operated as a technical affirmance of the judgment. The statute quoted does not, in our opinion, make an execution void that is issued after the dismissal of the appeal, even if no order of the Appellate Court be filed in the court below evidencing the action of the court in dismissing the appeal or affirming the judgment, but rather that it prescribes the necessary acts to be done by the appellee to entitle him to the writ of execution as a matter of right. At most, the issuing of the writ before filing the order was but an irregularity of which no one but the defendant therein could take advantage. Wilkinson's Appeal, 65 Penn. St. 190; Jackson v. Bostlett, 8 Johns. 365; Bacon v. Cropsey, 7 N. Y. 199.

Admitting the execution to have been prematurely issued, it was not void, and being regular upon its face was a sufficient justification for the officers proceeding under it, and cannot be attacked collaterally. Stewart v. Stocker, 13 S. & R. 199; Lynch v. Kelley, 41 Cal. 232; Allen v. Portland Stage Co. 8 Greenl. 209; Blaine v. Ship Carter, 4 Cranch, 333; Carson v. Walker, 16 Mo. 85. The property in question at the time of the issuing of the execution, and the levy thereon, being the property of the defendant in execution, and it having taken no steps to quash the writ in a direct proceeding, we must hold that, as the writ was not void, the judgment of the court below should have been for the defendant.

The judgment of the court below will be reversed and the cause remanded.

                              Judgment reversed.