BRANT ET AL. *v*. LINCOLN NATIONAL LIFE INSURANCE COMPANY OF FORT WAYNE.

[No. 26,377. Filed December 19, 1935.]

*George Panea* and *L. L. Huffman,* for appellants.

*Gavit, Hall, Smith & Gavit,* for appellee.

ROLL, C. J.—Appellee filed its petition for a writ of assistance against appellants, wherein it alleged that it did on the 3rd of February, 1932, obtain a judgment against appellants who were husband and wife, for $15,387.51 plus $1,314.00 attorney's fee, and an order of foreclosure of a mortgage on certain described real estate, situated in the town of Highland, Lake county, Indiana. That thereafter an order of sale was duly executed upon said judgment and decree, and on April 14, 1932, said real estate was sold by the sheriff of Lake county in pursuance to said order; that this petitioner, the plaintiff in said foreclosure sale, was the purchaser at said sheriff's sale and received a sheriff's certificate for said real estate and the improvements thereon. That there was no redemption during the year allowed therefor, and that appellee in due time received a sheriff's deed for the same. That after appellee received its deed, demand was made upon appellants for the possession of said real estate, but appellants refused to surrender possession thereof. Appellee seeks by this writ to be placed in possession of the real estate described. To this petition appellants filed answer in two paragraphs; the first was a general denial, and the second paragraph

alleged that the order and sale was void and of no force and effect for the reason that the appellee filed its praecipe for an order of sale of the real estate here involved, and the order was issued by the clerk, before the judgment was entered in the proper order book and read in open court or signed by the judge. The answer alleges the sale was void for several reasons, all of which relate to the failure of appellee to comply with the requirements of §1397, Burns Ann. St. 1926, §4-324, Burns Ind. St. 1933, §1413, Baldwin's 1934, and therefore the pretended sale by the sheriff was null and void and conveyed no title to petitioner. Appellee addressed a demurrer to appellants' second paragraph of answer for insufficient facts, which demurrer was sustained, to which ruling appellants excepted. There was a hearing on said petition and evidence introduced and the court found for appellee and ordered a writ issued as prayed for. Appellants' motion in arrest of judgment was overruled with exceptions. Appellants' assignment of error, "that the court erred in sustaining appellee's demurrer to appellants' second paragraph of answer," presents the important question on this appeal.

Appellants' position as stated in their brief is as follows: "In the instant case, we do not complain of irregularities. We allege that the acts done were and are now void for want of authority to do them. The question really involved here is whether the order of sale, issued before the record of judgment was written up, read and signed and in open court is void or not. We claim it is void."

If the sale of appellants' real estate and all acts taken under the order were void, and no title passed to appellee by the alleged sheriff's sale, then the court erred in sustaining appllee's demurrer to appellants' second paragraph of answer.

Section 1397, Burns Ann. St. 1926, *supra*, reads as follows:

"It shall be the duty of the clerk of the circuit court to draw up each day's proceedings at full length in the proper order-book of said court, and the judge of said court shall cause the same to be publicly read in open court, after which they shall be signed by the judge: Provided, That the judge of said court shall, at the request of either party to any proceeding or action, sign such record as soon as the same is drawn up and read in open court, and no process shall issue on any judgment or decree of court until it shall have been so read and signed."

We think this question has been definitely decided adversely to appellants' contention. In the case of *Jones* v. *Carnahan* (1878), 63 Ind. 229. In that case ██ execution was issued prematurely, that is, it was issued before the judgment had been publicly read in open court and signed by the judge thereof. The same contention was advanced in the Jones case as is urged by appellant in this case. The court in passing upon the question said, "We are satisfied that §22 relied upon by appellant (this is the same as §1397, *supra*, relied upon by appellant in this case) is directory, and that the execution issued in this case, while it may have been irregular, was not void." The court in the *Jones* v. *Carnahan* case, *supra*, quotes with approval the following from Freeman on Executions, §25, as follows (p. 233):

" 'An execution issued in Massachusetts, in violation of the statute directing that "no execution shall be issued within twenty-four hours after the entry of the judgment," was adjudged to be void, and the title derived therefrom was disregarded. *Penniman* v. *Cole*, 8 Met. 496. In the same State, a justice of the peace, who issued execution within less than twenty-four hours after the rendition of judgment, was held liable therefor in an action of trespass. *Briggs* v. *Wardwell*, 10 Mass. 356. But a very decided preponderance of the authorities is against the first decision above referred to, and in favor of the proposition that the premature issuing of an execution is an irregularity merely. The exe-

cution is erroneous, but, like an erroneous judgment, it must be respected, and may be enforced, until it is vacated in some manner prescribed by law. No one but the defendant can complain of it; and even he can not do so in any collateral proceeding.' He cites *Wilkinson's Appeal,* 65 Pa. State 190; *Lynch* v. *Kelly,* 41 Cal. 232; *Blaine* v. *The Ship Charles Carter,* 4 Cranch 333; *Carson* v. *Walker,* 16 Mo. 85; *Bacon* v. *Cropsey,* 7 N. Y. 199. See, also, *Mariner* v. *Coon,* 16 Wis. 490; *Jones* v. *Davis,* 24 Wis. 229; *Doe* v. *Harter,* 2 Ind. 252; *Willson* v. *Binford,* 54 Ind. 569."

The same principals are stated in the case of *Yeager* v. *Wright et al.* (1887), 112 Ind. 230-235, 13 N. E. 707. There it is said,

"The doctrine that an execution issued on a dormant judgment without a revival or leave of court is not void but only voidable as against direct proceedings to have it set aside or annulled, was also reaffirmed in that case."

It seems to us, that if appellants desired to have the judgment read in open court and signed by the judge before process issued thereon, they should have taken proper steps before the sale was had to bring his grievance before the court that imposed it for correction. Not having done so, but stood by and permitted the clerk to issue the order of sale and the sheriff to consummate the sale thereunder, issue his certificate and after the year of redemption had expired, issued a sheriff's deed to the purchaser, it would not seem right or just to permit them now to take advantage of something which they might have done at the proper time. The defect, if any there was, will be deemed waived. To hold that the sale herein involved was void and conveyed no title to appellees would lead to confusion and uncertainty in real estate titles and could not be justified upon any sound reason or principle of law. Consequently we hold that the last clause of §1397, *supra,* is not mandatory, but directory only, and that the sale herein was not void.

It is also urged by appellee that the curative statute passed in 1933, ch. 11, Acts 1933, p. 27-28, legalizes the sale and makes valid the sale herein. Appellant ■ questions the constitutionality of this act; that it violates §23 and §24 of Article 1 of the Indiana Constitution and also the due process clause of the 14th amendment to the Federal Constitution. This contention is made on the theory that process was issued upon the judgment before the same had been written up, read in open court, and signed by the judge and therefore, the clerk had no authority to issue process, and the sale had thereunder was absolutely void. Since we hold that the sale was not void, the following rule seems to be applicable and was well stated by Judge Cooley as follows:

> "The rule applicable to cases of this description is substantially as follows: If the thing wanting, or which failed to be done, and which constitutes the defect in the proceedings, is something the necessity for which the Legislature might have dispensed with by a prior statute, then it is not beyond the power of the Legislature to dispense with it by subsequent statute. And if the irregularity consists in doing some act, or in the mode or manner of doing some act which the Legislature might have made immaterial by prior law, it is equally competent to make the same immaterial by a subsequent law." Cooley Const. Lim. 371.

This court in the case of *Johnson* v. *The Board, etc.* (1886), 107 Ind. 15, 8 N. E. 1, quotes the above rule and there review the authorities on the constitutionality of curative statutes. We are of the opinion that the present case comes clearly within ch. 11, Acts 1933, and that this statute is not subject to the constitutional objections urged by appellants.

The conclusions we have reached on the above questions renders it unnecessary to discuss the other questions presented by appellant.

Judgment affirmed.