LAISKOMIS ET AL. *v.* FEDERAL LAND BANK
OF LOUISVILLE.

[No. 26,564. Filed October 21, 1936.]

*George Panea* and *Joseph H. Conroy,* for appellants.

*H. L. Sammons* and *John S. Grimes,* for appellee.

FANSLER, J.—Appellee brought this action against appellant John Laiskomis to recover possession of certain real estate in Newton county, purchased by appellee at sheriff's sale upon foreclosure of a mortgage.

The first error assigned involves the overruling of appellant John Laiskomis' motion to strike out certain parts of the complaint, which appellant says are immaterial and irrelevant. It is well settled that the overruling of such a motion is not reversible error if the complaint can be said to have contained pertinent facts to support the judgment, and the irrelevant matter does not supply the basis for the judgment. *Harter, Admx. et al.* v. *Songer* (1894), 138 Ind. 161, 37 N. E. 595; *Ohio Valley Trust Co.* v. *Wernke* (1912), 179 Ind. 49, 99 N. E. 734. It is not contended that the irrelevant matter formed the basis of the judgment. It is contended, however, that the irrelevant and immaterial allegations led the court to erroneously rule on the admission of evidence. If so, appellant's remedy was by objection and exception to such erroneous rulings.

Error is assigned upon the overruling of the demurrer to the first paragraph of complaint. The causes of demurrer discussed in the brief concern themselves with that part of the complaint which deals with a lease and prays for reformation

thereof. This is the matter which appellant sought to have stricken out as immaterial and irrelevant. Without it the complaint states a cause of action. There was no judgment re-forming the lease, and therefore, even if there was merit in the contention, appellant was not prejudiced.

By cross-complaint, appellant John Laiskomis alleged that the judgment of foreclosure under which the property was sold to appellee was not read in open court before it was signed by the judge; that therefore the sale was invalid. A demurrer to the cross-complaint was sustained. This was not error. In the recent case of *Brant et al.* v. *Lincoln Nat. Life Ins. Co.* (1935), 209 Ind. 268, 198 N. E. 785, it was held that a statute requiring judgment to be entered in the order book and read in open court before being signed by the judge is directory only, and that chapter 11 of the Acts of 1933 (Acts of 1933, p. 27), legalizing sales of property under judgments, where the directory provisions of the statute have not been followed, is not unconstitutional.

Under the assignment of error upon the overruling of the motion for a new trial, the sufficiency of the evidence and the ruling of the court upon the admission of certain evidence are questioned. It is admitted that certain of this evidence was harmless if erroneously admitted. All of the contentions respecting error in the overruling of the motion for a new trial are based upon the assumption that appellee's first paragraph of complaint was predicated upon the right of possession upon the expiration of the relationship of landlord and tenant. These allegations were merely surplusage. The first paragraph states a cause of action for possession under a sheriff's deed. There was sufficient evidence to sustain the finding for appellee upon this paragraph.

There was no error in overruling the petition of Anna

Laiskomis to intervene, since no judgment was sought or taken against her. She was not a necessary ██ party, and under such circumstances, the question of intervention is within the sound discretion of the trial court, and unless an abuse of discretion is shown there is no error in denying the right to intervene. Since there was no judgment against the petitioner, she is not harmed.

The errors assigned are technical. Under the undisputed evidence, appellee was entitled to possession of the land under its deed. It is not even suggested that at another trial the evidence might be different. A new trial would only delay the inevitable judgment for appellee.

Judgment affirmed.