DIETRICH ET AL. *v*. THE FEDERAL LAND BANK
OF LOUISVILLE ET AL.

[No. 26,579. Filed February 2, 1937. Rehearing denied April 27, 1937.]

*George Panea,* and *Joseph H. Conroy,* for appellants.
*J. S. Grimes,* and *Roger D. Branigin,* for appellees.

FANSLER, J.—Appellee The Federal Land Bank of Louisville brought this action under section 3-1301 et seq., Burns' Ann. St. 1933, §941 Baldwin's 1934, to recover possession of real estate which it had purchased at a sheriff's sale upon a decree foreclosing a mortgage. It appears from the pleadings that the judgment and decree foreclosing the mortgage had not been read in open court before it was signed by the judge. This is made the basis of an assignment of error by appellants. The question has been decided adversely to appellants' contention in recent cases. *Brant et al* v. *Lincoln Nat. Life Ins. Co.,* (1935), 209 Ind. 268, 198 N. E. 785; *Laiskomis et al.* v. *Federal Land Bank of Louisville* (1936), 210 Ind. 577, 4 N. E. (2d) 204.

The other error assigned involves the sufficiency of the evidence. Appellants contend that, plaintiff having alleged in its complaint that it has a fee-simple title, it must prove a fee-simple title; that such a title can be established only by proof of a chain

of title from the government down; and that evidence of title by sheriff's deed upon sale pursuant to a valid judgment and decree of foreclosure is not sufficient. No authorities are cited that sustain this view. The complaint does recite that the plaintiff's title is in fee simple, but it alleges also, specifically and in detail, that plaintiff derived its title by sheriff's deed upon a sale pursuant to a valid judgment and decree of foreclosure. Proof sustains this specific allegation, and it is sufficient to sustain the judgment.

It is also contended that the sale was invalid for the reason that the sheriff's return in one instance referred to the property sold as the property of the "defendant," and that therefore there was no proof as to whose property was sold, as there were several defendants. This was obviously a typographical error, since the plural is used in other instances, but, in any event, a valid sale could not be defeated by an irregularity in the return and the report of sale made by the sheriff after the sale has occurred.

Judgment affirmed.