## MARY J. CROSS V. JOHN D. KNOX.

SHERIFF'S SALE, *Voidable; Proceedings after Confirmation, Valid; Sheriff's Deed; Redemption.* The judgment of a district court foreclosing a mortgage on real estate, in which appraisement was waived, directed that no order of sale should be issued to enforce it until the expiration of six months after the day it was entered. Six days before the expiration of that time an order of sale was issued to the sheriff, who, after the expiration of six months from the entry of the judgment, advertised and sold the mortgaged premises without appraisement, to the mortgagee and plaintiff in the judgment. The sheriff made return of his proceedings under the order, and the court afterward confirmed the sale, and directed a deed to be executed to the purchaser, which was done. No proceedings have been taken by the defendants in the judgment to set aside the order of sale or the proceedings under it, nor have proceedings been taken to reverse, vacate or set aside the order confirming the sale. Soon after the execution and delivery of the sheriff's deed the purchaser, without objection from the defendants in the judgment, took possession of the mortgaged premises, and has ever since been in the possession of them. After the execution of the mortgage, and before the commencement of the suit to foreclose it, the mortgagors conveyed to C. their interest in a portion of the mortgaged premises, and she was not made a party to the foreclosure suit. *Held,* (1) That although this order of sale was prematurely issued, the proceedings of the sheriff under it, taken after six months from the date of the judgment, were not void, but both the order of sale and the proceedings under it were voidable, and could have been set aside in the court in which judgment was entered, by proceedings for that purpose by the defendants in the judgment, taken at any time before the confirmation of the sale; (2) that after the confirmation of the sale so made, the order of sale and all proceedings under it must be held legal and valid, and further, that the deed executed to the purchaser at the said sale conveyed to him all of the title and interest of the mortgagors to the premises described in the mortgage and judgment; (3) that the right of C. in that portion of the mortgaged premises conveyed to her by the mortgagors, was a right to a redeem the land so conveyed from the lien of the mortgage, and as she was not a party to the foreclosure suit, that right was in no way affected by the foreclosure and sale.

*Error from Shawnee District Court.*

ACTION brought by *Mary J. Cross* against *John D. Knox.* The plaintiff prayed that—

" The sale of real estate herein described made to the de-

fendant may be declared and adjudged null and void; that the deed executed to defendant for said real estate may be set aside and held for naught, and the claim of title and ownership of the defendant to said real estate may also be declared and adjudged null and void; that the plaintiff may be permitted to pay the amount for which said real estate was sold, with interest thereon, and upon such terms as may be proper; that the plaintiff may be permitted and required to redeem from said sale on such terms as may be just; that all the real estate may again be sold to pay the amount of said sale, the interest thereon and accruing costs; that all the real estate aforesaid may be sold to pay the amount of the judgment obtained by the defendant against the said Samuel K. Cross and Rhoda W. Cross, and that out of the proceeds of said sale there be paid the amount due the plaintiff and the defendant respectively. in proportion to their respective interests therein; that the title of plaintiff to all of said real estate may be quieted as against the defendant; that the defendant be required to deliver the possession of all of said real estate to the plaintiff; that the plaintiff have all other relief that may be proper and just, and costs of suit."

Trial by the court, J. G., judge *pro tem.*, presiding, at the January Term, 1884. The opinion contains the findings of fact, the conclusions of law, and the judgment rendered thereon. The plaintiff brings the case to this court.

*W. P. Douthitt* and *Waters & Ensminger*, for plaintiff in error.

*J. G. Stonecker* and *W. C. Webb*, for defendant in error.

The opinion of the court was delivered by

HURD, J.: This cause was tried by the court, and findings of the facts and conclusions of law were made, which are as follows:

"CONCLUSIONS OF FACT FOUND BY THE COURT.

"1. On the 10th day of September, 1872, one Samuel K. Cross was the owner of the following real estate situated in the county of Shawnee and state of Kansas, commencing at the southeast corner of the southwest quarter of section twenty-five, in township eleven south, of range fifteen east; thence north one hundred and forty rods; thence east fifty rods;

thence north to the Kaw river; thence up said river until it intersects the north line of said section; thence west on said section line to a point ninety-eight rods west of the last north-and-south line herein described; thence south to the south line of said section; thence east forty-eight rods, to the place of beginning.

"2. On the 10th day of September, 1872, said Samuel K. Cross and his wife Carrie S. Cross executed, acknowledged and delivered to the defendant John D. Knox their certain deed of mortgage for $10,000 upon all of said real estate, in which deed of mortgage the appraisement was waived.

"3. On the 19th day of April, 1873, said Samuel K. Cross and his wife, Carrie S. Cross, for a valuable consideration, executed, acknowledged and delivered to Mary J. Cross, the plaintiff in this suit, their certain deed of warranty for a portion of the said real estate, and which portion is described as follows: commencing at the southeast corner of the southwest quarter of section twenty-five, in township eleven south, of range fifteen east, thence north seventy rods, thence west forty-eight rods, thence south seventy rods to the south line of said section, thence east on said south line forty-eight rods to the place of beginning; that said deed was duly recorded in the records of Shawnee county on the 19th day of April, 1873.

"4. On the 17th day of December, 1873, the defendant herein, John D. Knox, commenced his action in the district court of Shawnee county, Kansas, against the said Samuel K. Cross and Carrie S. Cross, his wife, one Rhoda W. Cross and one D. W. Houston, to foreclose the mortgage of said John D. Knox on said real estate; that in said action, from its commencement to its conclusion, Mary J. Cross, the plaintiff, was never made a party plaintiff or defendant therein, and did not appear therein.

"5. On the 13th day of July, 1874, the defendant, John D. Knox, recovered a judgment in his suit against Samuel K. Cross and Rhoda W. Cross, on the note secured by his mortgage, for $12,799, with twelve per cent. interest from that date and obtained a foreclosure of said mortgage and an order of sale for said real estate to be sold without appraisement; that in said judgment a stay of said order was made for six months from July 13, 1874.

"6. On the 7th day of January, 1875, and in less than six months from the date of the rendition of the judgment in favor of the said John D. Knox, the clerk of the said district court of Shawnee county issued an order of sale under the seal

of said court in said action wherein John D. Knox was plaintiff, for the sale of said real estate without appraisement.

"7. Under said order of sale, the sheriff of Shawnee county advertised all the real estate mentioned in the first conclusion of fact, and on the 15th day of February, 1875, under said order of sale, said sheriff sold all of said real estate to John D. Knox, the plaintiff therein, and the defendant herein, without any appraisement having been made thereof, for the sum of $6,000; that said sale was confirmed by the court, and a deed was made and acknowledged by said sheriff, conveying said real estate to John D. Knox, the defendant herein, and that all of the facts stated in this finding of fact appear on the face of said deed.

"8. In December, 1881, the defendant, John D. Knox, sold, assigned and transferred the judgment obtained by said John D. Knox against said Samuel K. Cross and Rhoda W. Cross, to Mary J. Cross, the plaintiff herein, and she paid the said John D. Knox, as the consideration for the sale and transfer of said judgment, about three acres of land, valued at about $1,000, and conveyed the same to said Knox by deed.

"9. On the 14th day of April, 1882, said Samuel K. Cross and Carrie S. Cross did execute, acknowledge and deliver to Mary J. Cross, the plaintiff, their certain deed of conveyance to part of said real estate, to wit: commencing at a point seventy rods north of the southeast corner of the southwest quarter of said section twenty-five; thence north seventy rods; thence east fifty rods; thence north to the Kaw river, until it intersects the north line of said section; thence west, on said section line, to a point ninety-eight rods west of the furthest eastern boundary line herein mentioned; thence south to a point seventy rods north, to the south line of said section; thence east forty-eight rods, to the place of beginning.

"10. At the time of the sale of said real estate to John D. Knox under said order of sale. the said real estate was worth $14,800, or $100 per acre.

"11. Ever since said sale to said Knox, the said Knox has been in possession of said land, claiming to own the same; has in no manner disposed of any part of the same; has been receiving the rents and profits therefrom, and has made valuable improvements thereon.

"12. Immediately after the sheriff's sale of the real estate in controversy to the defendant Knox, and the execution to him of the sheriff's deed, he took possession of said real estate and remained in the exclusive possession thereof until the com-

mencement of this action, without objection or opposition from
S. K. Cross, the judgment debtor, or from the plaintiff herein,
and without any intimation from either that there were irreg-
ularities in the foreclosure proceedings, or any defects in his title.

"13. The defendant being in the possession of said real es-
tate, proceeded in good faith and made lasting and valuable
improvements thereon, all which the judgment debtor S. K.
Cross, and Mary J. Cross the plaintiff herein, well knew, but
they took no steps to prevent the making of such improve-
ments, or any expenditures therefor by Knox, or to notify him
of supposed defects in his title. The improvements so made
by said Knox are of the value of at least $6,000; but none
of these improvements were made upon the twenty-two-acre
piece hereafter awarded and given to the plaintiff, Mary J.
Cross, by the judgment of the court.

"14. That Samuel K. Cross and R. S. Cross procured a
conveyance of said three-acre tract to Knox, and Knox there-
upon assigned the balance of the judgment to the plaintiff
herein; and the three-acre tract belonged at that time to the
plaintiff; that Samuel K. Cross and R. S. Cross were acting
for plaintiff, and knew of the irregularities in Knox's sale
and title, and Knox believing as a matter of fact that he had
obtained a good title thereto.

"15. The plaintiff, Mary J. Cross, neither paid nor agreed
to pay S. K. Cross any money or other thing of value in con-
sideration of the conveyance to her of the real estate described
in the deed from S. K. Cross and wife to Mary J. Cross, the
plaintiff, of date April 14, 1882, and mentioned in plaintiff's
petition.

"16. The value of the real estate conveyed to defendant
Knox by plaintiff in consideration of the assignment by him
to her of the balance of said judgment was at that time $1,000,
and the amount due in the said judgment at that date (Decem-
ber 1, 1881) was at least $14,000.

"17. The plaintiff herein, through R. S. Cross, her hus-
band and agent, and S. K. Cross, obtained from Knox the
assignment to plaintiff of the balance of said judgment, hav-
ing in view the bringing of this action, and procured such
assignment for the express purpose of preventing Knox from
recovering the full amount of his claim against S. K. Cross
in the event of said sheriff's sale being set aside.

"18. March 19, 1883, the defendant, Knox, tendered to the
plaintiff a deed duly executed by Knox and wife to plaintiff,
reconveying to plaintiff the same property conveyed by her to

defendant as the pretended consideration for the assignment by defendant to plaintiff of the balance of said judgment against said S. K. Gross, and on the same occasion requested plaintiff to reassign said judgment to defendant, but plaintiff refused to accept said deed and refused to execute such reassignment of said judgment, and on the trial the defendant again made tender of said deed, but plaintiff refused to accept the same, and defendant again demanded the reassignment of said judgment to him, which plaintiff refused.

"19. The first act performed by the sheriff after the receipt of the order of sale on which said real estate was sold, was the advertisement of said sale in the newspaper on the 14th day of January, 1875, but he received said order of sale on the 7th day of January, 1875."

Upon these findings the court made the following conclusions of law:

"1. That the plaintiff is entitled to recover the land described in the third conclusion of fact, and costs of this action.

"2. That the defendant is entitled to have his title quieted to the remainder."

Thereupon the court rendered the following judgment, to wit:

"It is therefore considered, ordered, adjudged and decreed by the court, that the sale of said real estate under the order of sale to the said John D. Knox, the confirmation thereof and the deed made to the said John D. Knox in pursuance thereof, be and the same is declared null and void and held for naught, and the same is set aside so far as it affects or concerns that portion of said real estate hereinafter particularly described; that the said plaintiff Mary J. Cross do have and recover of and from the defendant John D. Knox the possession of that portion of said real estate described as follows: Commencing at the southeast corner of the southwest quarter of section twenty-five, in township eleven south, of range fifteen east; thence north seventy rods; thence west forty-eight rods; thence south seventy rods, to the south line of said section; thence east on said south line forty-eight rods, to the place of beginning, in the county of Shawnee and state of Kansas, and that the title thereto be and the same is hereby vested in the plaintiff Mary J. Cross, and that all claim of title, interest or ownership therein heretofore made or asserted by the defendant John D. Knox, or any person or per-

sons claiming under him, be and the same is hereby quieted, determined and ended, and that the proper order, or writ for the possession thereof, shall issue on the precipe of the said plaintiff.

"It is further considered, ordered, adjudged and decreed, that the remaining portion of said real estate, to wit: Commencing at a point seventy rods north of the northeast corner of the southwest quarter of said section twenty-five, thence north seventy rods, thence east fifty rods, thence north to the Kaw river, thence up said river until it intersects the north line of said section, thence west on said section line to a point ninety-eight rods west of the furthest eastern boundary line herein mentioned, thence south to. a point seventy rods north of the south line of said section, thence east forty-eight rods, to the place of beginning, in the county of Shawnee and state of Kansas, and all title thereto, be and the same is hereby vested in the defendant John D. Knox, and that all claim of title, interest or ownership of the plaintiff Mary J. Cross, or any person or persons claiming under her, be and the same is hereby quieted, determined and ended as to the last-described piece of real estate.

"It is further considered, ordered and adjudged by the court, that the plaintiff Mary J. Cross do have and recover judgment of and from the defendant John D. Knox for the costs of this action, taxed at $——, and that execution issue therefor."

The plaintiff filed her motion for a new trial, based upon the following grounds:

"1. That the decision of the court is not sustained by the conclusions of fact.

"2. That the decision of the court is contrary to law.

"3. Error of law occurring at the trial and excepted to by the party making this application for a new trial."

This motion the court overruled, and the plaintiff excepted, and made her case for the supreme court, and brings the whole record here by petition in error; but none of the evidence given on the trial is contained in the record.

The mortgage waived appraisement of the mortgaged premises on a sale under a judgment of foreclosure, and the judgment rendered, as required by §453, ch. 80, Comp. Laws, directs that process to enforce it shall not issue until the expi-

ration of six months after the entry of judgment. The order of sale was issued by the clerk of the court rendering the judgment, and delivered to the sheriff six days before the expiration of six months after the day of the entry of judgment; but all proceedings under it were taken and had after the expiration of six months from the date of the judgment. The statute above quoted provides that no order of sale shall be issued upon a judgment foreclosing a mortgage waiving appraisement until the expiration of six months after the entry of the judgment. No question is made as to the validity of that judgment; and no proceedings have been taken to reverse, vacate, or modify it. The whole mortgaged property was described in the judgment rendered, and in the order of sale issued, and all of it was advertised and sold without appraisement, by the sheriff, to John D. Knox, the plaintiff in the judgment, in the manner provided by the statute, and the sale was afterward confirmed by the court, and a deed to the whole mortgaged premises made to the purchaser at the sale. It is not now contended that there was any error or irregularity in the proceedings of the sheriff in making the sale, or in the order of the court confirming it, or in the deed executed and delivered pursuant to the sale and confirmation. But the plaintiff in error contends that as the order of sale was issued less than six months after the entry of judgment, it was void, and consequently all the proceedings under it were void and in nowise affect the title to the land.

The precise question here has not been decided by this court, but the following decisions have a bearing upon it:

In the case of *Nelson v. Becker*, 14 Kas. 509, where a summons in a justice's court under a statute which provides that the service shall be made at least three days before the time set for trial, was served only two days prior to the rendering of the judgment, it was held that such service is not void, but only voidable, and must be held valid and binding in all cases until reversed, vacated or set aside by some direct proceeding instituted for that purpose.

In the case of *Armstrong v. Grant*, 7 Kas. 285, a judgment

by default was rendered by the district court on the service of a summons made on the return-day. The court held that such service is not void, but is valid until set aside or reversed; and that such a judgment, though irregular, can be attacked only by the judgment debtor, or by his legal representatives, and then only in a direct proceeding instituted for that purpose.

In *Dutton v. Hobson*, 7 Kas. 196, the summons was served on the return-day, and it was held that such service is not authorized by law, and a judgment rendered by default on such service will be reversed at the instance of the judgment debtor, if he seeks relief in proper time.

The claim of the plaintiff is sustained by the case of *Penniman v. Cole*, 8 Metc. (Mass.) 496, where an execution was issued in violation of the statute directing that no execution should issue within twenty-four hours after the entry of the judgment, and it was held that the execution was void and the title derived therefrom was disregarded. But the weight of the authorities is against the decision of *Penniman v. Cole*, supra. The order of sale was irregularly issued and erroneous, but like an erroneous judgment is to be respected and may be enforced until it is vacated in some manner prescribed by law. (*Wilkinson's Appeal*, 65 Pa. St. 190; *Lynch v. Kelly*, 41 Cal. 232.)

In the case of *Blaine v. The Ship Charles Carter*, 4 Cranch, 333, where, under an act of congress providing that execution shall not issue until after the expiration of ten days, certain executions were collaterally objected to on the ground that they were issued within ten days, but the court said:

"If irregular, the court from which they issued ought to have moved to set them aside; they were not void, because the marshal could have justified under them, and if voidable, the proper means of destroying their efficacy have not been pursued."

In the case of *Carson v. Walker*, 16 Mo. 85, wherein substantially the same question arose, the supreme court said:

"The time of doing the deed only is relied on, as rendering it void. I am satisfied, from reason and authority both, that

the time is not so much of the substance of the power of the act as to render the act void. In *Bacon v. Cropsey*, 7 N. Y. 199, against the objection that an execution had, contrary to the statute, been issued within thirty days after the rendition of the judgment, the court of appeals held, that: 'Until set aside, although issued without the defendant's consent, the process was valid, and no one could take advantage of such irregularity but the defendant in the execution.'"

The order of sale was issued on the 7th of January, 1875, and the mortgaged premises sold under it on the 15th day of February, 1875. The sale was confirmed on March 15, 1875, and the deed executed by the sheriff pursuant to the sale and confirmation, and was recorded May 7, 1875. The defendants in the execution have at no time taken proceedings to set aside the order of sale, or the proceedings under it. Soon after the execution and recording of the deed from the sheriff, the defendant in error, the purchaser at said sale, without objection from the judgment debtors, or the plaintiff, believing and claiming that he was the owner by virtue of such sale and deed, without the knowledge of any defect in either, went into the possession of the entire mortgaged premises, and has held the possession of the same without objection by the defendants in the judgment, and without objection by the plaintiff in error, until the commencement of this suit.

Upon the authorities cited, we think the proceedings of the sheriff under this order of sale, issued before the time authorized by the statute, and the judgment under which it was issued, which were all taken after that time, are not void; that the order of sale was irregularly issued, was voidable but not void, and that the order and all proceedings under it might and would have been set aside in the court in which the judgment was rendered, by proceedings for that purpose by the defendants in the judgment taken at any time before the entry of the order of the court confirming the sale made by the sheriff under it.

The act of the clerk in issuing the order, and the acts of the sheriff under it, were ministerial, and might have been reached by motion to vacate or set aside; but the order of the

court confirming the sale was a judicial act, and is such a final order as can only be reached, and if erroneous, corrected, by proceedings in error. This order of sale so issued was presented to, and was before the court, in the proceedings to confirm the sale under it, and by it the defect or infirmity complained of is necessarily shown, and it may be presumed was known to and considered by the court before the proceedings by the sheriff were confirmed. We incline to the opinion (but do not decide the question) that a confirmation of the proceedings of a sheriff under an order of sale is a judicial determination that establishes the legality of the order of sale as well as the legality of the sale made under it. We do hold in this case where all proceedings were taken after the time fixed by the statute and judgment, that after the confirmation of the sale and the execution of the deed it was too late to attack the order of sale as being prematurely issued, and that it cannot now be attacked by the defendants in the judgment, or any person claiming under them.

By the sale made and the deed executed pursuant to it, the title to all of the mortgaged premises except the twenty-two acres to which the equity of redemption was transferred to plaintiff in error by deed from S. K. Cross and wife, dated the 19th day of April, 1873, passed to and became vested in the defendant; and the deed from S. K. Cross and his wife to the plaintiff, bearing date April 14, 1882, conveyed to her no interest in the land described in it or to any part of the land described in the mortgage and judgment. The interest of the plaintiff in error acquired in the twenty-two acres of land under the deed of S. K. Cross and wife to her of date April 19, 1873, was the equity redemption of Cross and his wife in and to that land. She was not made a party defendant in the foreclosure suit, and therefore the interest she acquired under and by that deed was not divested by the foreclosure of the mortgage and the sale of the property, and she has now the same right of redemption that she has at all times had since the execution and delivery of that deed to her by S. K. Cross and

wife, and the failure to make her a party defendant in the fore-
closure suit did not and does not release her twenty-two acres
from the lien of the mortgage.    The relation of the defendant
to the tract of about twenty-two acres of land to which the
plaintiff holds the equity of redemption, is that of mortgagee
in possession, and he cannot be dispossessed by an action at law,
and the only means for lawfully obtaining the possession the
plaintiff has, is by a redemption of the land from the lien of
the mortgage.   She had the right to·bring suit in equity to
redeem, and this suit was properly brought for that purpose.
(3 Pomeroy's Equity Jurisp., §§ 1189, 1190.)

We think that under the facts found, that part of the judg-
ment quieting the title in the defendant to that part of the
mortgaged premises described in it, is not erroneous; but that
that part of it which quiets title to the tract of twenty-two acres
of land in the plaintiff and awards her possession of it, is er-
roneous; that the only judgment the plaintiff was entitled to
was a judgment permitting her to redeem her twenty-two
acres of land from the lien of the mortgage.   This error is in
favor of the plaintiff, and she has no right to complain.   The
defendant does not complain of the judgment rendered, and
has taken no proceedings in this court to reverse, vacate, or
modify it, and it must therefore be affirmed. ·

All the Justices concurring.