MARGARET A. SHAFFER v. JOHN D. KNOX, JR., *et al.*

No. 378.

1. RES JUDICATA—*Assignment for Benefit of Creditors—Action to Set Aside Deed.* An action brought in the circuit court of Shawnee county by a creditor of insolvent debtors to set aside a deed made in fraud of the rights of the creditors, and to subject the property therein described to the payment of plaintiff's claim, was decided against the plaintiff solely upon the ground that, as the plaintiff had presented a claim for his debt to the assignee for the benefit of the creditors of the said debtors, said action would not lie: *Held*, That said decision is *res judicata* as to the right of said creditor to pursue said property for the satisfaction of said debt.

2. SALE OF ATTACHED PROPERTY—*Omission of Appraisement.* A sale of attached property under an order of sale issued after final judgment in attachment proceedings, without any appraisement having been made under said order of sale, but made for more than two-thirds of the actual value of the property and for more than two-thirds of its appraised value under the order of attachment, is voidable but not absolutely void.

Error from Shawnee district court; Z. T. HAZEN, judge. Opinion filed July 8, 1898. Reversed.

ON the 17th day of February, 1891, John D. Knox and Mary D. Knox, his wife, who had been doing

business as John D. Knox & Co., being in failing circumstances and insolvent, made a deed of the lots in controversy, belonging to said John D. Knox, in fraud of their creditors, to their minor son, John D. Knox, jr., and on the next day made a general assignment for the benefit of their creditors. On August 1, 1891, Thomas H. Bowers recovered a judgment against John D. Knox & Co. in the circuit court of Shawnee county for $901.52. An execution was issued on said judgment on September 23, 1891, and returned unsatisfied on September 25, 1891. On September 28, 1891, Bowers began a suit in said circuit court to set aside the deed to John D. Knox, jr., and to subject said lots to his judgment. This suit was, on February 22, 1892, decided in favor of the defendants upon the sole ground that Bowers's claim had been presented for allowance to the assignee under the assignment, and for that reason he could not maintain said suit. On March 11, 1892, an execution was issued on the Bowers judgment and levied on the lots in controversy, which were offered for sale and not sold for want of bidders. On January 7, 1893, another execution was issued on the judgment and levied upon the same property, and the property was appraised, advertised, and sold to James Enlow for $867. This sale was confirmed February 27, 1893, and a deed made and recorded.

On October 8, 1891, H. S. Shaffer began an action in the circuit court of Shawnee county upon a debt due from John D. Knox & Co. before said assignment, and attached the property in controversy. This attachment was sustained, and on March 14, 1892, judgment was rendered for the plaintiff therein for $3326.42, and an order made for the sale of the attached property. On May 12, 1892, an order of sale was is-

sued on said judgment from the district court of Shawnee county, where a transcript had been duly filed. Under this order, the property was sold, without appraisement, to said Shaffer for $1201, that sum being more than two-thirds of the appraised value at the time the lots were attached. On July 20, 1892, this sale was confirmed and a deed made and properly recorded. On July 23, 1892, Shaffer began an action in the circuit court to set aside the deed to John D. Knox, jr., and, on December 21, 1892, he obtained a judgment setting the same aside and quieting his title to the lots in controversy.

On March 14, 1893, James Enlow began this action to quiet his title to said lots. This cause was heard on December 30, 1893, and taken under advisement until August 10, 1894, when the court made its special findings of facts and rendered judgment, August 14, 1894, thereon in favor of Margaret A. Shaffer and Olive A. Spencer, heirs at law of said H. S. Shaffer, who had died, the action having been duly revived in their names. Upon a motion of James Enlow, the judgment was, on October 15, 1894, set aside and a judgment rendered for Enlow, and it is to reverse this last judgment that this proceeding in error is brought.

*J. B. Larimer*, and *John V. Abrahams*, for plaintiff in error.

*Isenhart & Alexander*, and *E. G. Wilson*, for defendants in error.

The opinion of the court was delivered by

Wells, J.: The contention of the plaintiff in error is that the court rendered judgment, upon the findings of fact, for the wrong party; that the judgment should have been in favor of the Shaffer title instead of the Enlow title, and for this several reasons are urged.

The first contention is that the judgment in the action brought by Bowers in the circuit court to subject the property to the payment of his debt is *res judicata* as to Bowers and all persons claiming under his judgment. It seems to be conceded by the defendant in error that if said action had been tried and decided upon its merits the contention of the plaintiff in error would be correct, but attention is called to the fact that it was decided solely upon the ground that, as the Bowers claim had been presented to the assignee for allowance, an action in aid of execution could not be maintained. If we concede the correctness of this contention and that said judgment was rendered solely upon that ground, as found by the court below, and said judgment was erroneous, still it was an adjudication of the right of the plaintiff in that case to subject the lots in controversy to the payment of his debt, and as such, until appealed from or reversed, becomes the law of that case and estops him from further pursuing said property for such purpose, and any proceedings had for that purpose are void.

The next questions at issue herein are : Where real property is attached and ordered sold under a judgment rendered in an attachment suit, must the property be appraised under the order of sale, notwithstanding it has been appraised when levied upon under the order of attachment? And if such appraisement is necessary, is a failure to have it made such a defect as to render a deed made under the order of the court confirming said sale absolutely void, or is such defect cured by the order of confirmation? It is contended by the plaintiff in error that no appraisement was necessary under section 216, chapter 95, General Statutes of 1897, and that the words "under the same restrictions and regulations as if levied upon by execu-

tion '' do not mean that the property should be ap-
praised, as the appraisement is a part of the levy.
This contention is not sound.    Paragraphs 4545 and
4550, General Statutes of 1889 (Gen. Stat. 1897, ch.
95, § 458), recognize a levy and an appraisement as
being two distinct proceedings, and discredit the con-
tention that the latter is included in the former.    We
are therefore of the opinion that the law in force at
the time of this sale required an appraisement of the
property under the order of sale.

What, then, is the effect of a sale without an ap-
praisement?    Are all proceedings under said order of
sale void, or is the failure to appraise only an irregu-
larity?    This exact question has never been decided
by our supreme court, so far as we know or have been
informed.    Upon this subject, we have been cited by
plaintiff in error to *Cross v. Knox*, 32 Kan. 725 ( 5 Pac.
Rep. 32 ), and *McNall v. Burrow & White*, 33 id. 495
( 6 Pac. Rep. 897 ), and by the defendant in error to
*Capital Bank v. Huntoon*, 35 Kan. 577 ( 11 Pac. Rep.
369 ), *Moore v. Cutler*, 19 id. 187, *Rice v. Poynter*, 15
id. 263, and *Gapen v. Stephenson*, 17 id. 613; but
none of these fairly decides the question one way or
the other.    In *Cross v. Knox*, supra, it was held that
where an order of sale was issued six days too early,
but all the proceedings under it were had after the
lapse of the proper time, the sale was not void, but
voidable only.    In *McNall v. Burrow & White*, supra,
it was held that a sale with appraisment, in less than
six months of the date of judgment, upon a foreclosure
of a chattel mortgage waving appraisement, was legal
and valid.    In *Capital Bank v. Huntoon*, supra, it was
held : ''Where appraisement has not been waived, and
real estate is sold at sheriff's sale for less than two-
thirds of its appraised value, the sale is void.''    In

this case there was an appraisement. In *Moore v. Cutler*, supra, it was held that it was error for the district court to confirm a sale made without appraisement. HORTON, C. J., in the opinion, uses this language: "The proceedings of the officer do not purport anywhere to show that any appraisement of the real estate was had, nor that said property was sold for two-thirds of any appraised value.

In *Rice v. Poynter*, supra, it was held that a sheriff's deed made in pursuance of an appraisement, advertisement and sale of land in "section 28" could not be reformed so as to describe land in "section 8."

In *Gapen v. Stephenson*, supra, it was held that the fact that one of the appraisers under the order of attachment was disqualified was not sufficient to set aside a sale made under an execution upon a final judgment, where the defendant appeared in the cause prior to the judgment. In the opinion (p. 617), HORTON, C. J., uses this language: "After judgment and a decree to sell the attached property, the object of the appraisement under the process of attachment has been accomplished—the appraisement has become, so to speak, *functus officio*. Before a sale can be made under the order of the court on the judgment, another appraisement of the real estate must be had." The plaintiff in error says: "If said dictum ever was the law of the state, it was overruled in *Merwin v. Hawker*, 31 Kan. 226 (1 Pac. Rep. 640)." We do not so understand the latter decision. On the contrary, the court declined to consider that question, for the evident reason that it had no bearing on that case.

In the case before us, the property was sold for more than two-thirds of the appraisement under the attachment proceedings, and for much more than it was sold

to the defendant in error Enlow under the first appraisement and sale. We are of the opinion that the failure to appraise it under the order of sale was an error only, and does not render the sale absolutely void.

The order of the court below will be reversed, and said court directed to render a judgment in the case for the plaintiff in error herein.