NEW-YORK,
May, 1820.

Moss
v.
MOORE.

———⊃❋⊂———

## Moss *against* MOORE.

A one horse waggon with a spring seat and pannelled sides, used only for the carriage of persons, is "a pleasure carriage," within the meaning of the eleventh section of the act establishing the Seneca TurnpikeRoad Company, (K. & R. ed. L. 412. 423. sess. 23. ch. 78.) and is liable to pay toll.

IN ERROR, on *certiorari*, to a Justice's Court.

*Moore* brought an action against *Moss*, for the penalty for exacting excessive toll, imposed by the act to establish a turnpike road company, &c. called the *Seneca Turnpike Road Company*, passed *April* 1st, 1800, (2 *K. & R.* ed. L. 412. 423. sess. 23. ch. 78. s. 11.) The *eleventh* section of the act, in fixing the rates of toll, says, that " every waggon with *two horses*," shall pay *twelve and an half cents ;* every " *one horse cart*," *six cents ;* " every chair or pleasure carriage with one horse," *twelve and an half cents.* The plaintiff, with another person, was passing on the road in a *one horse waggon*, made with a spring seat and pannelled sides,

and which was not used for farming purposes, or for carrying goods. The act makes no mention of a *one horse waggon.* There was a verdict for the plaintiff below, for the penalty of *five dollars*, on which the justice gave judgment, with costs.

<div align="right">

NEW-YORK,
May, 1820.

CADY
v.
FAIRCHILD

</div>

*Per Curiam.* We are clearly of opinion, that the judgment in this case was wrong. The one horse waggon in which the plaintiff was riding, was a " pleasure carriage," within the meaning of the act. If it was not, it was not liable to pay any toll; for it was not a " one horse cart." The judgment must be reversed.

<div align="center">

Judgment reversed.