CADY <em>against</em> FAIRCHILD <em>and</em> WIFE.

IN ERROR, on *certiorari*, to a Justice's Court.

*Cady* brought an action of trespass against *Fairchild* and his *Wife*, who pleaded not guilty. The plaintiff and defendants lived under the same roof, occupying distinct parts of the house. The plaintiff, who had a lease for one year, removed with his family, and the principal part of his furniture, before the expiration of the year, leaving a few old articles, of little value, in the apartment he had occupied. The defendants put the articles so left by the plaintiff, out of the house, where they remained for several days, and were then put back again by the defendants, without receiving any material injury. There was a trial by jury, and a verdict for the defendants, on which the justice gave judgment.

> In an action of trespass in a *Justice's Court*, where there is a verdict and judgment for the defendant, the Court will not reverse the judgment, because the verdict is against evidence, if it appears that the injury was trivial, and the plaintiff entitled to *nominal* damages only, and the suit is merely for costs and vexation.

*Per Curiam.* This is strictly a verdict contrary to evidence; but as no more than *nominal* damages ought to have been given, no material injustice has been done ; and we ought to apply the rule which has been settled in regard

to new trials  In *Burton* v. *Thompson*, (2 *Burr. Rep.* 664.) Lord *Mansfield* said, " it does not follow, by necessary consequence, that there must be a new trial granted in all cases whatsoever, where the verdict is contrary to evidence;" as " where there is no, real damage, and where the injury is so trivial as to not deserve above half a crown compensasation ;" and a new trial was denied in that case, though it was admitted that the verdict was directly contrary to evidence.(*a*)

Though there is ground for a distinction between granting a new trial, and reversing a judgment, on return to a certiorari ; yet, where the object of the plaintiff in error is merely *costs*, and to *vex* the defendant, we are justified in refusing to reverse the judgment.  The judgment must, therefore, be affirmed.

Judgment affirmed.(*b*)

(*a*) Vide *Hyatt* v. *Wood*, 3 *Johns. Rep.* 239.  *Fleming* v. *Gilbert*, *Ib.* 528.  *Feeter* v. *Whipple*, 8 *Johns. Rep.* 369.

(*b*) A *certiorari* lies to reverse a judgment of nonsuit, where costs are awarded against the plaintiff.  (*Smith* v. *Sults*, 2 *Johns. Rep.* 9.)