WALROD & POTTER *vs.* BENNETT.

Where, in an action brought by two or more persons, for an unlawful taking of property, the defendant answers that the plaintiffs are not joint owners of the property, that averment is *material*, and is *new matter*, requiring a reply.
Such an allegation falls directly within the provision of section 144 of the code

Walrod *v.* Bennett.

of procedure ; and if not specifically controverted by the reply, it will be taken as true.

No evidence is required, to establish a fact thus pleaded and not replied to, nor is evidence contradicting it admissible.

If evidence contradicting such an averment is given, it will be not within the issue, and therefore unavailing ; unless the defendant waives the objection, on account of the misjoinder of plaintiffs.

Before the defendant will be held to have lost his rights under the pleadings, given by the code, it should appear very clearly that he waived those rights on the trial.

The admission of evidence that is improper, without objection, is not conclusive evidence of such waiver.

APPEAL, by the plaintiffs, from a judgment of the county court of the county of Onondaga. The facts sufficiently appear from the opinion of the court.

*R. H. Gardner*, for the appellants.

*Hillis & Wells*, for the respondent.

*By the Court*, GRIDLEY, J. This case comes before the court on an appeal from the order and judgment of the county court of Onondaga county, directing a new trial. The appellants recovered a judgment before the justice, which the county judge pronounced erroneous ; and the question here is, whether that decision was right.

The plaintiffs declared against the defendant for an unlawful taking of certain goods and chattels. The defendant denied all the allegations of the complaint, and in an amended answer averred " that *the plaintiffs were not joint owners of the goods and chattels mentioned in the complaint, and that they were not partners at the time of the alleged taking.*" No reply was interposed to this plea.

It can not be doubted that the averment that the plaintiffs were not joint owners of the goods sued for, is *material*, and is *new matter* requiring a reply. (1.) It is *material*. It is expressly made a ground of demurrer (when the defect is apparent on the face of the complaint) by the 4th subdivision of the 122d section of the code of procedure. An erroneous joinder of plain-

tiffs is a defect, within the legitimate meaning of the act. The error did not appear on the complaint, but was set up in the answer pursuant to the 126th section of the code. It was therefore correctly pleaded in the answer. (2.) It was *new matter.* It was not a defence under the general denial, but had been specifically provided for in the 122d and 126th sections of the code, as a specific defence not to the merits but to the right of the plaintiffs, to bring a joint action, for the injury complained of. (3.) Being material, and setting up new matter, the case falls directly within the provision of section 144, which declares that "every material allegation of new matter in the answer, not specifically controverted by the reply shall, for the purposes of the action, *be taken as true.*" No evidence was required to establish the fact thus pleaded and not replied to, nor was any evidence contradicting it admissible.

True, such evidence was given—but all such evidence was *without the issue,* and would have been unavailing in the court of chancery to the practice in which the rules of pleading introduced by the code bear a close resemblance. (*See* 6 *John.* 543, 559, 565 ; 10 *Wheat.* 189 ; 1 *Barb. Ch. Pr.* 339.) We do not however mean to decide that the parties may not be held to· have waived, in a justice's court, the strict rights given by the pleadings. It is not necessary to decide that point now ; and we do not. In this case, we are bound to believe that before the justice and jury the defendant relied on this erroneous joinder of plaintiffs under the pleadings. Under either the first or seventh grounds of error set forth in the defendant's affidavit, this point could properly have been urged ; and when the plaintiffs did not deny it by an opposing affidavit, we think he should not do so here. Before the defendant should be held to have lost his rights under the pleadings, given by the plain language of the code, it should appear very clearly that he waived those rights on the trial. The admission of evidence that was improper, without objection, is not conclusive evidence of such waiver. The defendant may still have relied on, and asserted, his rights, both to the justice and jury, and under the allegations in the affidavit for the appeal, we must hold that he did so. If

he did not, that should have appeared, by a denial on the other side. For, a party will not be held to have *abandoned* a clear and conclusive ground of defence given him by the statute, without the clearest evidence.

The order of the county court must be affirmed with costs.

