*Jewett, J.
 

 (after stating the pleadings.) — The „ first question arises upon the decision of the judge, on the trial of the cause, that as the defendant had not, in his answer, denied either allegation contained in the complaint, and a cause of action having been sufficiently alleged in the complaint, the plaintiff was
 
 primó facie
 
 
 *198
 
 entitled to recover, without giving any evidence of the truth of his allegations — not being controverted by the answer, they must, for the purposes of this suit, be taken as true. I think, the decision was right: § 144 of the code of 1848 provides, that every material allegation of the complaint, not specifically controverted by the answer, as prescribed in § 149, shall, for the purposes of the action, be taken as true. In effect, it was so adjudged in
 
 Walrod
 
 v.
 
 Bennett
 
 (6 Barb. 144).
 
 [1]
 

 The defence set up by the answer is, first, that the execution was issued within thirty days after the rendition of the judgment, without the consent of the defendants therein, and without the authority of law; secondly, that there was nothing due from the defendants, at -the time of issuing the execution, nor was the *sum of -* $1542.93 then due to the plaintiff, as claimed by him; and, thirdly, that the plaintiff had received promissory notes and bills of exchange, and demands against third persons, to the amount of $1000, which the defendant claimed should be set off against the plaintiff’s demand.
 

 As -to the first branch of the defence, it appeared by the complaint, that the execution was issued within thirty days after the recovery of the judgment; the answer sets up, that it was illegally issued, because the same was so issued without the consent of the defendants therein; the reply controverts this allegation; it says, it was legally issued, with the consent of the defendants therein. The judge decided, that the plaintiff was not bound to prove that the defendants in the execution consented to its being issued within the thirty days. In that there was no error, for until set aside, although issued without the defendants’ consent, the process was
 
 *199
 
 valid, and no one could take advantage of such an irregularity but the
 
 defendants
 
 in the execution. The judge was clearly right in his decision, that the defendant was bound to execute it, and could not take advantage of the fact, in his defence, that it was issued within the thirty days.
 
 (Jones
 
 v.
 
 Cook,
 
 1 Cow. 309;
 
 Ross
 
 v.
 
 Luther,
 
 4 Id. 158;
 
 Ontario Bank
 
 v.
 
 Hallett,
 
 8 Id. 192;
 
 Kimball
 
 v.
 
 Munger,
 
 2 Hill 364;
 
 Green
 
 v.
 
 Burnham,
 
 3 Sandf. Ch. 110;
 
 Pierce
 
 v.
 
 Alsop,
 
 3 Barb. Ch. 184;
 
 Berry
 
 v.
 
 Riley,
 
 2 Barb. 307;
 
 Williams
 
 v.
 
 Hogeboom, 8
 
 Paige 469;
 
 Parmelee
 
 v.
 
 Hitchcock,
 
 12 Wend. 96;
 
 Stone
 
 v.
 
 Green,
 
 3 Hill 469;
 
 Riker
 
 v.
 
 Mason,
 
 4 Sandf. Ch. 351.)
 

 The distinction is between
 
 void
 
 and
 
 voidable
 
 process; the
 
 latter
 
 is a justification to the officer, until it is set aside by the party. One strong reason why the sheriff shall not take advantage of the error in issuing the process is, that, for aught that appears, the party does not wish to avail himself of it.
 
 (Ames
 
 v.
 
 Webbers, 8
 
 Wend. 545.) But process which is
 
 void,
 
 the officer is under no obligation to execute, and he may, in an action brought against him for refusing to execute it, set up its invalidity
 
 (Cornell
 
 v.
 
 Barnes,
 
 7 Hill 35.)
 

 *1 think, the judge was right, in holding that ^ ^ the defendant could not be permitted, in order *- to reduce damages, to show that the execution directed the collection of a greater sum than was due to the plaintiff. It was for a sum less than the amount of the recovery, and the complaint alleges that the defendant levied on property of the defendant, by virtue of it, sufficient in value to satisfy that amount, which fact, for the purposes of this suit, we have seen, is admitted to be true — clearly, that sum, with the interest, must be taken as the measure of damages which the plaintiff sustained by the false return made by the defendant.2
 

 
 *200
 
 The exclusion of the evidence offered by the defendant, to show that the execution was issued in violation of a stipulation given by the plaintiff to the defendant in the execution, and that they made an assignment of all their property for the benefit of their creditors, before the expiration of thirty days after the judgment was docketed, was right. ' In the first place," if this execution was issued in violation of a stipulation between the parties to it, it was merely an irregularity, of which only the defendant in the execution could take advantage; and besides, this branch of defence is not set up in the defendant’s answer. I think, this judgment should be affirmed.
 

 Judgment affirmed.
 

 Where a sheriff after a levy on property sufficient to satisfy his execution, returns it unsatisfied, he is
 
 primá facie
 
 liable to the plaintiff, to the amount of the judgment. America Brass and Copper Co. v. Babbitt, 74 N. Y. 395.
 

 [1]
 

 See Watson
 
 v.
 
 Brennan, 66 N. Y. 621, where it was ruled, that in an action against the sheriff, for a false return of
 
 nulla bona,
 
 the burden of showing that there was sufficient property upon which, by the exercise of due diligence, the sheriff could have levied, is upon the plaintiff.