## FISH vs. SKUT.

The provision of the statute making the owner or possessor of a dog that shall kill sheep, liable to the owner for the value of the sheep, without proof that the owner of the dog had notice or knowledge that the dog was mischievous or disposed to kill sheep, is independent of the sections relating to the proceedings of the fence viewers. Therefore the owner of the sheep may resort to his action without applying to the fence viewers to inquire into the matter.

If in such action the plaintiff proves by testimony entirely uncontradicted and free from conflict, that his sheep, while upon his own premises, have been bitten and killed by the defendant's dog, he will be entitled to recover, without further proof.

Possession of personal property is *prima facie* evidence of title thereto.

Where, upon a trial before a justice, there is no conflict in the evidence, but the testimony is clear and undisputed, and shows a cause of action entitling the plaintiff to recover, a judgment in favor of the defendant, although rendered upon the verdict of a jury, will be reversed.

THIS was an appeal from a judgment of the Niagara county court, affirming the judgment of a justice.

*Woods & Murray*, for the appellant.

*H. Gardner*, for the respondent.

*By the Court*, MARVIN, J. The action is trespass. The plaintiff alleged that a dog belonging to the defendant, entered his close and worried, bit, killed and wounded certain sheep belonging to the plaintiff, &c. He alleged in one count that he had called the fence viewers, &c., &c. He proved by a witness that he, the witness, was acquainted with the parties; that he lived near them; that he was out at his door, in the morning, and heard a dog yelp; looked and saw a dog in the plaintiff's lot; that he saw the dog catch a sheep twice. They ran around the plaintiff's barn into the yard. That the dog went through the yard into the lot, and off through the lot; that it was Austin Skut's dog. That Austin Skut is the defendant. The witness went to the barn yard and found one sheep dead, and one that could not go or stand; that the sheep had been bitten by dogs; there was blood on them, just done. Other witnesses

were examined, and evidence as to the damages was given. There was no evidence in the case conflicting in the least with the evidence above stated, but it was fully confirmed as to the actual injury to the sheep. There is nothing in the case calculated to throw the least doubt upon the statement made by the witness. The jury found a verdict for the defendant, upon which the justice rendered judgment, and upon appeal the county court affirmed the judgment. The plaintiff then appealed to this court.

The judgment of the county court, and that of the justice, must be reversed. The statute makes the owner or possessor of a dog that shall kill sheep liable for the value of the sheep, to the owner, without proof that the owner of the dog had notice or knowledge that the dog was mischievous or disposed to kill sheep. (1 *R. S.* 704, § 9.) This is independent of the provisions relating to the proceedings of the fence viewers. In other words, the owner of the sheep may resort to his action without applying to the fence viewers to inquire into the matter. (1 *Denio*, 495.) The defendant's counsel does not controvert this position, but he insists that the question was purely one of fact, and that the judgment should therefore not be disturbed. It was a question of fact, but there was no conflict whatever in the evidence. The facts stated by the witness Thayer were undisputed, and they proved a cause of action entitling the plaintiff to recover. It is said in the brief that it was not proved that the sheep belonged to the plaintiff. They were in the plaintiff's lot and in his barn yard. Several witnesses went and saw them, and no suggestions were made upon the trial, that they were not the plaintiff's sheep. Possession of personal property is prima facie evidence of title. The jury had no right to say that it was not proved that the sheep belonged to the plaintiff. Again, it is said that there was contradictory evidence as to the defendant's owning the dog. The witness Thayer saw the dog, and says it was Austin Skut's dog. One Edwin Skut was a witness. He stated that the defendant lived with him; that the plaintiff called upon him on the 7th day of February, (the day the sheep was killed,) and said to him, the witness, that his

dog had been killing the plaintiff's sheep. The witness told the plaintiff that he had killed his dog two years before, but if he had been back killing sheep he would attend to it. This is the contradiction relied upon. The plaintiff probably did not know whether Austin or Edwin owned the dog. They lived together. But this very evidence showed that it was not Edwin Skut's dog, and instead of conflicting with Thayer's statement goes rather to confirm it. Charles Skut was also sworn. But neither he nor Edwin say any thing as to the ownership of the dog, although they were both examined as to the damages. They went and saw the dead sheep, and those wounded.

It is not a case of conflict of evidence. The evidence was clear and undisputed. I must suppose that the jury, unfortunately for the defendant, was misled upon some question of law.

The judgments of the county court, and of the justice must be reversed.

[ERIE GENERAL TERM, January 14, 1856. *Bowen, Mullett* and *Marvin,* Justices.]