JAMES STEPHENS, Appellant, v. CHAS. A. WIDER, Respondent.

The jury in a justice's court having found for the defendant in a case where the
plaintiff was entitled to nominal damages only, on appeal the Supreme Court
should not reverse the judgment of the justice, although the verdict was
against the evidence.

In such a case, where the object of the plaintiff is merely costs, and to vex the
defendant, the appellate court are justified in refusing to reverse the judgment.
The rule in *Cady* v. *Fairchild* (18 Johns., 129), affirmed.

THIS was an action of trespass, *quare clausum fregit*, com-
menced in a justice's court. The jury gave a verdict for
defendant. On appeal the county court reversed the judg-
ment entered thereon. On further appeal, the General Term
of the Supreme Court reversed the judgment of the county
court and affirmed that of the justice; and an order was sub-
sequently made allowing an appeal to this court. On the
trial, the plaintiff gave evidence showing several trespasses on
his premises by the cattle, horses and sheep of the defendant.
As to some of these alleged trespasses, the defendant gave
conflicting evidence, but as to others of less importance there
was no conflict; but, as to the undisputed trespasses, there
was no proof of damages given that would have justified the
jury in giving more than nominal damages.

*Welles M. Forbes*, for the appellant.

I. The County Court properly reversed the judgment of
the justice, for the verdict of the jury was against evidence.

1. There was undisputed evidence of actual damages done
by defendant's horses and cows on the occasions testified to by
plaintiff.

2. The plaintiff was entitled to at least *nominal* damages,
and the jury should have so found.

The rule is, that "where, upon any one question which is
decisive against either party, there is evidence on one side of
such question, and none on the other, and the verdict has
been given for the party who had given no evidence upon

the point in question, the verdict will be set aside, and if the County Court does not reverse a judgment founded on such verdict, it is the duty of the Supreme Court to correct the error. (*Rathbone* v. *Stone*, 6 Barb., 143; *Herrick* v. *Storer*, 5 Wend., 586; *Fish* v. *Skut*, 21 Barb., 333; *Wiley* v. *Slater*, 22 Barb., 506; see Gra. & Wat. on New Trials, 1296.)

*C. D. Adams*, for the respondent.

I. The evidence, as to trespass by the sheep, was conflicting, and the verdict thereon is conclusive.

The jury undoubtedly erred in finding for the defendant in respect to other trespasses where the damages were merely nominal, as no damages were shown beyond the invasion of a mere legal right.

II. The Supreme Court properly affirmed the judgment of the justice, reversing that of the County Court. A mistake by the jury of six cents should not subject the defendant to a heavy bill of costs. Plaintiff should not be allowed to gratify his ill temper by vexing the defendant with a heavy bill of costs for such a trifle. (See 14 Johns., 444; see also *Cady* v. *Fairchild*, 18 id., 129; 2 Burr., 664; 3 Johns., 339, 528; 8 id., 359.)

On the principle of *stare decisis*, the judgment of the Supreme Court should be affirmed.

DAVIS, J. It is clear that the plaintiff in this case ought to have had a verdict for nominal damages, notwithstanding the jury found against him on all the contested trespasses. But forty-five years ago, in *Cady* v. *Fairchild and wife* (18 Johns., 129), which was a case similar in its nature, and presenting the precise question involved in this, the Supreme Court of this State said: "This is strictly a verdict contrary to evidence; but as no more than nominal damages ought to have been given, no material injustice has been done; and we ought to apply the rule which has been settled in regard to new trials. In *Barlow* v. *Thompson* (2 Burr., 664), Lord MANSFIELD said, "it does not follow, by necessary conse-

quence, that there must be a new trial granted in all cases whatever, where the verdict is contrary to evidence," as "where there is no real damage, and where the injury is so trivial as₀ not to deserve above half a crown compensation;" and a new trial was denied in that case though it was admitted the verdict was directly contrary to evidence. Though there is ground for a distinction between granting a new trial and reversing a judgment on return to a *certiorari*, yet, where the object of the plaintiff in error is merely costs and to vex the defendant, we are justified in refusing to reverse the judgment. The judgment must, therefore, be affirmed."

Notwithstanding the criticism to which this decision may be exposed on grounds of principle, it cannot be doubted that for nearly half a century it has operated effectively to prevent useless litigation, where nothing was really involved but mere questions of costs. The General Term, by a divided court, have followed *Cady* v. *Fairchild;* but have sent the present case here doubtless with a view to a final adjudication whether the rule of that case shall continue to be followed as the law of the State. In my judgment, the rule adopted by *Cady* v. *Fairchild*, as applied to justices'. courts, is a salutary one to the public interests, and not really prejudicial in its effects to the best interests of litigants in those courts, and ought, therefore, to be adhered to on the ground of *stare decisis.*

The cases cited by the appellant's counsel are not in conflict with the rule. They are cases in which an error of the court crept in to control the verdict, or in which some question of permanent right was involved, as in *Herrick* v. *Stone* (5 Wend., 586); or in which the plaintiff, upon undisputed evidence, was entitled to a verdict for damages, to be assessed upon testimony showing the injuries sustained by breach of contract, as in *Rathbone* v. *Stanton* (6 Barb., 144); or for the the value of property destroyed, as in *Fish* v. *Skut* (21 Barb., 333).

In *Wiley* v. *Slater* (22 Barb., 106), the plaintiff recovered a verdict for $25, and the Supreme Court reversed the judgment on the ground that there was no evidence to show any

legal right in the plaintiff to recover any verdict.   Neither of these cases can be said to have disturbed the rule in *Cady* v. *Fairchild*.

I think the judgment in this case should be affirmed.

All the judges concurring, the judgment was affirmed.