WICKES v. ADIRONDACK COMPANY, appellant

*Evidence — presumption of genuineness of negotiable bonds.*

On the trial of an action to recover the interest on negotiable bonds, the bonds and coupons were read in evidence without objection. Judgment having been obtained by the plaintiff, on appeal by defendant it was objected, that there was no evidence of the identity of the bonds produced on the trial with those described in the complaint. *Held,* (1) that possession of the bonds was *prima facie* evidence of plaintiff's ownership; and (2) as the plaintiff had possession, the burden of proving that the bonds were not genuine was with the defense.

APPEAL by defendant from a judgment in favor of plaintiff, entered on the report of a referee. The action was brought by Asa W. Wickes against the Adirondack Company, a corporation. The opinion states the case.

*Tracy, Olmstead & Tracy* and *A. Pond,* for appellant.

*F. W. Ackley* and *Irving Browne,* for respondent.

MILLER, P. J. The action was brought to recover the interest upon two bonds of $1,000 each, payable to Thomas C. Durant or bearer, executed by the defendant on the 1st day of January, 1864, for which coupons were annexed payable semi-annually on the 1st day of July and January in each year until the 1st day of January, 1884, when the principal became due. The case was referred and the referee found in favor of the plaintiff for the coupons and interest upon the same, amounting to $1,237.25. The defendant duly excepted to the findings of the referee, and judgment having been entered upon his report, the defendant appealed.

The only point made by the defendant upon this appeal is, that there was no evidence of the identity of the bonds produced upon the trial with those described in the complaint. The bonds and coupons were produced and read in evidence upon the trial without objection, and the defendant's counsel having withdrawn from the case when the trial commenced, the question was not raised by motion for a nonsuit or otherwise. The complaint alleges that the plaintiff was the holder and owner of the bonds and coupons, which

was denied by the answer, and I think that the possession of the bonds and coupons was *prima facie* evidence of such ownership. Possession of personal property is presumptive evidence of ownership, and this rule applies to all personal property and in respect to negotiable paper. 1 Greenl. Ev., § 34; *Fish* v. *Skut*, 21 Barb. 334; *James* v. *Chalmers*, 6 N. Y. 209. Bonds of this character are negotiable, and will pass by delivery. *Conn. Mut. L. Ins. Co.* v. *C. C. & C. R. R. Co.*, 41 Barb. 9, 22. It is not necessary to go further to sustain the decision of the referee, but it may be added that if the defendant desired to question the genuineness of the bonds, as the plaintiff had possession, the burden of proving that they were not genuine was with the defense. It is no answer to say that for aught that appears some third person may have held the genuine bonds answering the description of those mentioned in the complaint, for every presumption is in a contrary direction.

The judgment was right and must be affirmed, with costs.

*Judgment affirmed.*