ROBERT MAY, Appellant, *v.* ALLEN COOPER, Respondent.

*Levy under an execution — the rights acquired thereby are liable to be divested by the subsequent action of the court — when an order takes effect as of the first day of the term — Stay by Court of Bankruptcy — Liability of sheriff for returning execution when a stay is granted.*

December 9, 1874, an execution upon a judgment recovered in the Supreme Court of this State by the plaintiff against one Davis was delivered to the defendant who, on January 9, 1875, levied upon property of the debtor sufficient in amount to satisfy the same. On January 12, 1875, all proceedings on the execution were stayed by the United States Bankrupt Court, and on January twenty-first notice was served of a motion in the Supreme Court to set aside the judgment and execution, to be made at a term of the said court commencing on February first. On February third the motion was decided, and on February eleventh an order was entered opening the default but allowing the judgment to stand as security. On February twentieth a motion was made to settle the order, and on March fifth an order was made, in pursuance thereof, allowing the judgment to stand as security, but setting aside all proceedings subsequent thereto. The term of the court continued from February first to March fifth. On February third the defendant, under a mistake as to his duty under the stay, returned the execution unsatisfied.

The stay having been set aside in December, 1876, this action was brought by the plaintiff, in 1877, for the wrongful return of the execution.

*Held,* that the rights acquired by the plaintiff by the levy were subject to be divested by any subsequent act of the court in setting aside the judgment or execution.

That the order of March fifth related back to and operated for the protection of the defendant as of February first, the beginning of the term, or, at the very latest, as of February third, the day on which the decision was made.

That the plaintiff had suffered no damage by reason of the defendant's acts, and that the action could not be maintained.

Appeal by the plaintiff from a judgment dismissing the complaint, entered upon the trial of this action by the court without a jury.

This action was brought to recover damages for an alleged wrong-ful act of the defendant, as sheriff of the county of Chemung, in releasing the levy made by him upon the property of a judgment debtor upon an execution placed in his hands upon a judgment in the Supreme Court of the State of New York rendered in favor of the plaintiff against such judgment debtor.

*Armstrong & Briggs*, for the appellant.

*S. S. Taylor* and *J. McGuire*, for the respondent.

BOARDMAN, J.:

Defendant, as sheriff, received December 9, 1874, an execution upon a judgment in favor of the plaintiff against one Davis, docketed in his county on the same day. On the ninth of January following a levy was made on property sufficient to satisfy the execution. January 12, 1875, defendant was served with a stay of all proceedings on said execution issued out of the United States Bankrupt Court. January twenty-first motion papers to set aside plaintiff's judgment and execution were served. The motion was to be made at a term of the Supreme Court of the State of New York to begin on February 1, 1875, and the motion was made and decided on February 3, 1875, but no order was entered until February eleven, which order permitted the judgment and execution to stand as security, but opening the default. On the twentieth of February a motion was made to settle and enter said order in accordance with the decision, and on the fifth day of March the order, so settled and entered, set aside the proceedings after judgment, but allowed the judgment only to stand as security. The term of the court beginning on February 1, 1875, was continuous to the fifth day of March.

On February 3, 1875, the defendant, under a mistake as to his duty by reason of the stay of the bankrupt court, returned said execution without satisfaction thereof. Afterwards, in December, 1876, the bankrupt stay was set aside.

On these facts the plaintiff brought this action, in 1877, to recover the amount of his debt by reason of the sheriff's wrongful return of the execution. His complaint was dismissed upon the trial. The plaintiff brings this appeal.

It is alleged as error that the false and wrongful return of the execution by the defendant in February gave to plaintiff a right of action for the debt; that such right of action was vested and could not be divested by any subsequent act of the court in setting aside the judgment or execution. We do not think this proposition can be maintained. Whatever remedies the plaintiff had for the enforce-

ment of his rights were given to him by the court. The action of the court and its process was and always must be subject to its control, not only on appeal but by motion to strike out or set aside. It is conceded that a reversal upon appeal after this return would have been a complete defense. Yet the right was as much vested in such case as the present. In either case it is the act of the court having competent authority and jurisdiction. The sheriff may defend against a void judgment his wrongful return or neglect to collect (*Cornell* v. *Barnes*, 7 Hill, 35), but not against an execution that is voidable only. The defendant only can take advantage of that. (*Bacon* v. *Cropsey*, 7 N. Y., 195.)

The issuing of an execution and a levy under it is no more a vested right than the lien of a judgment. Should the court for proper cause set aside the judgment the lien is gone. It is the same with an execution. Whether the order was as was not a proper one to be made may be reviewable on appeal, but while it stands, as in this case, it is destructive of plaintiff's remedy. When such an order setting aside an execution is properly made and entered, it is as though no execution had ever been issued. The plaintiff to maintain this action must show a valid judgment, execution and levy on property. The judgment against Davis exists only as security. It cannot sustain an execution, because for all purposes except as security it is set aside and vacated. The execution had been set aside long before the action was begun. Hence, there can be no evidence of process on which to found a charge of wrong doing by the defendant. When the execution fell, any right of the plaintiff under or by virtue of its prior existence fell with it. It was no longer available to plaintiff in the collection of his debt. Its vitality for all purposes was spent and gone.

But the order of the fifth of March relates back to, and operates for the protection of the defendant as of the first day of February, the beginning of the term. (*Manchester* v. *Herrington*, 10 N. Y., 164; *Nichols* v. *Chapman*, 9 Wend., 452; *Willson* v. *Henderson*, 15 How., 90.) At the very latest, as may be inferred from the last case, the order should take effect February third, when the decision was made. The order entered on the eleventh of February was not the order of the court, because by the order of March fifth, the court has so held and decided. The order of March fifth,

therefore, stands for present purposes as of the date of February third, when the decision embodied in that order was made. That being so, the sheriff, on February third, was deprived of any authority to sell. His power to act under the execution was gone. Action under it would have been trespass. It follows that plaintiff has not suffered any damage by reason of defendant's acts.

We think the judgment is right and should be affirmed, with costs.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.