EDWARD S. JAFFRAY AND OTHERS, APPELLANTS, v. JOSEPHINE M. SAUSSMAN.

APPLICATION OF MORITZ FREEDMAN AND CHARLES I. FREEDMAN, EXECUTION CREDITORS OF JOSEPHINE M. SAUSSMAN, RESPONDENTS.

*Judgment confessed for a sum, a part of which only is due — issuance of an execution
with direction to levy for the whole amount — right of a junior judgment-creditor —
Code of Civil Procedure, sec. 1277 — lien of the confessed judgment*

A debtor confessed judgment in favor of a creditor, on May 14, 1888, for $2,094.58, of which amount only $637.58 was due at that date, the balance not becoming due until July 6, 1888, and an execution was issued thereon to the sheriff directing him to levy and collect the whole amount of the judgment.

Another creditor of the same debtor having subsequently, on the same day, obtained by confession a judgment against him for $2,800, all of which was presently payable, moved to vacate and set aside the prior execution.

*Held,* that the court properly ordered an amendment of the execution issued upon the first judgment, so as to permit the sheriff to collect thereunder only the sum actually due on the judgment under which it was issued, at the time the judgment was confessed.

That the junior execution-creditor had a sufficient standing in court to enable him to insist upon the reduction, to the proper sum, of the amount to be collected under the prior execution.

The provisions of section 1277 of the Code of Civil Procedure, providing that where the whole amount of the confessed judgment is not due, and an execution is issued in the first instance only for a portion thereof, "the judgment shall remain as security for the sum or sums to become due after the execution is issued," does not make the judgment in the meantime a lien upon the personal property of the defendant as well as upon his real estate.

Such a judgment is security to just the same extent as any other judgment for the like amount would be upon which no execution has been issued.

APPEAL by the plaintiffs from an order made at the New York Special Term, amending an execution, entered in the office of the clerk of the county of New York, June 11, 1888.

*Isaac L. Miller,* for the appellants.

*A. Blumenstiel,* for the respondents.

BARTLETT, J. :

The defendant confessed judgment in favor of the plaintiffs for $2,094.58 on the 14th day of May, 1888. Of this amount only the sum of $637.58 was due at that date. The balance did not become due before the 6th day of July, 1888. The plaintiffs' attorneys, however, on the day the judgment was confessed, issued an execution directing the sheriff to levy and collect the whole amount of the judgment. Subsequently, on the same day, the respondents, constituting the firm of Freedman Brothers, obtained a judgment, also by confession, against the defendant for $2,802.22, all of which was presently payable, and duly issued an execution thereon. They found their process preceded, however, by the execution which had been issued upon the confessed judgment in favor of the plaintiffs. The sheriff levied upon certain personal property belonging to the defendant and sold the same under and by virtue of both executions; and, thereupon, a motion was made in behalf of Freedman Brothers, the subsequent execution-creditors, who are the respondents on this appeal, to set aside the execution in favor of the plaintiffs so far as it affected their own execution. This motion was not granted in the form in which it was made, but the court at Special Term ordered an amendment of the plaintiffs' execution so as to permit the sheriff to collect thereon only the sum actually due to the plaintiffs at the time the judgment was confessed, together with costs. The moving parties, Freedman Brothers, appear to be satisfied with this order, but the plaintiffs have appealed.

As the questions presented by the appeal are of considerable practical importance, it may be well to quote in full section 1277 of the Code of Civil Procedure, under which they arise. That section is contained in the article entitled "Confession of Judgment," and provides as follows:

"Where the debt for which the judgment is rendered is not all due, execution may be issued upon the judgment for the collection of the sum which has become due. The execution must be in the form prescribed by law for an execution upon a judgment for the full amount recovered; but the person whose name is subscribed to it must indorse thereupon a direction to the sheriff to collect only the sum due, stating the amount thereof, with interest thereon, and the costs of the judgment. Notwithstanding the issuing and collection of such an execution, the judgment shall remain as security for the sum or sums to become due after the execution is issued. When a further sum becomes due an execution may, in like manner, be issued for the collection thereof; and successive executions may be issued as further sums become due."

The execution issued upon the confessed judgment in favor of the appellants did not conform to the requirements of this section. The statement showed that only a portion of the sum for which the judgment was confessed was then due, but the indorsement on the execution directed the sheriff to collect the whole amount. If the defendant had objected to the execution by reason of the erroneous direction thus indorsed thereon, it is conceded that she would have been entitled to have it amended upon making a proper motion for that purpose, but the appellants contend that subsequent execution creditors have no standing in court to insist upon a reduction of the execution to the proper amount, and that none but the defendant can assert the right to have it reduced. On the contrary, I think that where an execution has been issued under section 1277 of the Code of Civil Procedure, but has been indorsed, in disregard of the provisions of that section, with a direction to the sheriff to collect more than the amount actually due, it is competent for a subsequent execution-creditor, in a direct proceeding for that purpose, as by motion, to attack the execution for invalidity so far as it directs the sheriff to collect anything in excess of the sum presently due on the prior judgment.

The personal property of the debtor does not become subject to the lien of either judgment until the issue of execution; and the subsequent execution-creditor has a direct and manifest interest in preventing a prior execution-creditor from acquiring a lien on the personal property which is larger than the law allows and which is likely to impair or defeat his own lien, as may well be the case where the estate is not sufficient to satisfy the claims of both creditors. Under such circumstances, the subsequent execution-creditor is plainly injured by the excess in the amount of the prior execution, and is affected by the error in such a manner as to give him the right to have it corrected.

The provision of the Code which permits a judgment to be confessed for money to become due at a future date (Code of Civil Pro., § 1273), constitutes an exception to the general rule that only such claims as are past or presently due can be put into judgment; and the rights of the creditor to whom a judgment is confessed for money not yet due should not be extended by construction. Referring to that part of section 1277, which provides that in a case where the whole amount of a confessed judgment is not due, and execution is issued in the first instance only for a portion thereof, " the judgment shall remain as security for the sum or sums becoming due after the execution is issued," the appellants argue that this provision makes the judgment a lien upon the personal property of the defendant in the meantime, as well as upon his real estate. I do not think so. The plain meaning seems to be that the judgment shall be security to just the same extent as any other judgment for a like amount would be upon which no execution had yet been issued. There is nothing in the language of the section which requires any other construction, or appears to warrant it. The Code says that the judgment shall remain as security, not the judgment and execution. If the contention of the plaintiffs is correct, that the privilege of objecting to an excessive execution under section 1277 is confined to the debtor who confesses the judgment, a curious result might follow. If the debtor chose to acquiesce in the form of the execution, he could allow his property to be sold thereunder and applied to the payment of a claim nine-tenths of which might not be due for a year to come, and in consequence of this proceeding a subsequent judgment-creditor, whose

judgment had been recovered the same day upon a claim, presently payable, might find his execution returned *nulla bona*, because the goods of the defendant had been taken to satisfy a debt not yet due.

In Mr. Freeman's treatise on the Law of Executions is a note referring to numerous cases in which courts have disregarded variances between the amount of the judgment and the amount mentioned in the execution. (Freeman on Executions, § 43). In none of these cases, all of which have been examined, is it held that the objection that the amount of an execution is excessive can be taken only by the defendant. Most of them uphold the doctrine that an execution which calls for too much money is not void, but merely voidable. (*Peck* v. *Tiffany*, 2 N. Y., 451, 458 ; *Hunt* v. *Loucks*, 38 Cal., 372.) In the latter case, speaking of such an execution, the Supreme Court of California holds that it cannot be attacked collaterally by anybody or even directly by a stranger. But, as already intimated, a subsequent execution-creditor is not to be regarded as a stranger in interest. The appellants invoke the rule which is laid down so often in the books in various forms, to the effect that none but the defendant can take advantage of a defect in an execution which is amendable. (*Abels* v. *Westervelt*, 15 Abb. Pr., 230 ; *Wright* v. *Nostrand*, 94 N. Y., 31, 47.) But the facts of the cases in which this rule has been applied must not be overlooked. No instance of its application as against a subsequent execution-creditor, where the amount of the prior execution was too large, has fallen under my notice. The rule has been held to be applicable in suits against sheriffs for an escape or a false return, where the fact that the execution was voidable has been pronounced unavailable as a defense. (*Bissell* v. *Kip*, 8 Johns., 88, 99 ; *Bacon* v. *Cropsey*, 7 N. Y., 195.) It has also frequently been declared that the objection that an execution was issued sooner than the statute prescribed, or without proper proceedings to revive the judgment, could be taken only by the defendant. (*Kimball* v. *Munger*, 2 Hill, 364 ; *Pierce* v. *Alsop*, 3 Barb. Ch , 184, 190, 196.) In the cases cited to this effect, however, no question arose as to the debt being actually due, which was represented by the judgment and execution. The decisions merely affirmed the right of a debtor to waive a delay which he might have insisted on under the statute, and to waive it irrespective of the wishes of third persons. But what the judgment-

debtor has done in the case at bar is something very different from merely waiving a statutory delay in the collection of a demand conceded to be due.   By acquiescing in the form of the execution which the appellants have issued, she has consented to apply her personal property to the liquidation of claims in behalf of the appellants, which will become due at a future time, to the exclusion or impairment of a claim in behalf of the respondents, which is due already. I do not think the provisions of the Code in relation to confessions of judgment were designed to be employed by debtors for such a purpose; and in the case at bar its accomplishment was properly prevented at the instance of the parties who were directly liable to injury therefrom, by granting their motion to the extent of reducing the execution to the amount actually due on the appellants' judgment at the time it was issued.

The order appealed from should be affirmed, with costs and disbursements.

Van Brunt, P. J., and Daniels, J., concurred.

Order affirmed, with costs and disbursements.

