### SMITH v. BINGHAM.

(*Supreme Court, General Term, Fourth Department.* February 11, 1890.)

1. TRESPASS—RIGHTS OF PARTIES—NEW TRIAL.

Where the admitted acts of defendant in an action for trespass are such that the action should not be called vexatious, and the verdict in his favor is groundless, a new trial will be granted, though plaintiff be entitled to only nominal damages.

2. SAME—EVIDENCE—OCCUPANCY.

Defendant occupied a store adjoining plaintiff's land, and alleged that he owned three feet beyond the store. Plaintiff claimed to occupy up to the store. Defendant did not perfect his plea of title by giving the undertaking required by Code Civil Proc. § 2952. *Held,* that the question was simply one of possession, and that evidence as to the extent of the occupancy by prior occupants of defendant's store was immaterial.

Appeal from Otsego county court. Action by Hannah L. Smith against John Bingham, for trespass upon lands in possession of plaintiff. Defense, general denial, and that the defendant was the owner of a portion of the premises upon which trespasses, as claimed by plaintiff, were committed. No

undertakmg was given as required by section 2952, Code Civil Proc.   A judgment of the justice for defendant was reversed, and defendant appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*A. P. Barber,* for appellant.   *Charles A. Bowne,* for respondent.

MERWIN, J.   It seems to be conceded by the counsel of the defendant that the plaintiff was entitled to a verdict for nominal damages; but it is said that a new trial should not have been granted on that ground, under the rule laid down in *Stephens* v. *Wider,* 32 N. Y. 351.   That was an action brought before a justice to recover damages for trespasses committed by defendant's cattle on plaintiff's lands.   Some of the acts were disputed, and some not; but, as to the undisputed trespasses, there was no proof of damages given that would have justified the jury in giving more than nominal damages.   The jury gave a verdict for the defendant, and this was sustained by the court of appeals; the theory being adopted by the court that, where the object of the plaintiff is merely costs, and to vex the defendant, the appellate court is justified in refusing to reverse the judgment.   There are some exceptions to this rule.   They are referred to in *Countryman* v. *Lighthill,* 24 Hun, 407, where the rule is stated by Justice J. C. SMITH, that a plaintiff may have a new trial, or reverse an erroneous judgment, when a principle or a right, or its extent, is involved, although he is entitled to only nominal damages, and the suit is vexatious.   In that case a judgment for nominal damages was set aside, it being said to be both groundless and vexatious.   In the present case the admitted acts of the defendant were such that the plaintiff's action should not be called vexatious, and, as the verdict in favor of the defendant was groundless, the principle of the *Countryman Case* would go towards sustaining the decision of the county court.   There is, besides, in the case uncontradicted evidence on the part of the plaintiff showing damages more than nominal; not to a large amount, it is true, but such as the plaintiff would have a right to have considered.   The defendant occupied a store adjoining plaintiff's lot. The plaintiff claimed to occupy up to the store.   This the defendant denied, and in his answer he set up that he owned a space of three feet beyond the store.   As the defendant did not perfect his plea of title by giving the proper undertaking, he was precluded from drawing the title in question.   Code, § 2955.   That left the question to be over the possession in fact during the time of the committing of the alleged trespasses.   Upon this subject the defendant was allowed to give evidence of the extent of the occupancy of prior occupants of the store.   This was not material on the issue to be tried, and its reception was likely to influence the jury.   The rights of the plaintiff in regard to this evidence were preserved by objection and motion to strike out. The decision of the county court should not be disturbed.   Judgment of the county court of Otsego county affirmed, with costs.   All concur.