AMBROSE W. ADAMS, as Constable, etc., Respondent. v.
JOHN H. TATOR, Appellant.

*Confession of judgment in a Justice's Court — for a contingent liability — a principal
is not indebted to a surety who has simply signed his note — not even if the surety
has agreed to pay it.*

A confession of judgment in a Justice's Court to one who is simply a surety for the
judgment-debtor upon certain notes that have been given by him, where the con-
fession states no facts, and does not show for what cause of action the judgment
is to be entered, is invalid.

The principal is not indebted to his surety until the surety has paid the debt of the
principal; and it cannot be said that a principal is indebted to his surety for notes
signed by the latter, although the surety, in consideration of the confession of
judgment for the amount thereof, has agreed to pay such notes.

The language required by subdivision 3 of section 3011 of the Code of Civil Procedure,
requiring an affidavit, in case of such confession, "stating that the defendant is
honestly and justly indebted to the plaintiff in the sum specified therein," etc.,
does not comprehend such an arrangement.

The absence of any special provision for the entry of judgments on confession in
Justices' Courts for contingent liabilities, and the requirements of the affidavit,
specified in section 3011 of the Code of Civil Procedure, show that no such
confessions for contingent liabilities were contemplated by the statute.

APPEAL by the defendant John H. Tator from a judgment of the
Supreme Court, entered in the office of the clerk of the county of
Schoharie on the 4th day of December, 1888, with notice of an
intention to bring up for review upon such appeal the judgment,
exceptions, findings and rulings of the court upon the trial of the
action, and also the order denying a motion for a new trial made upon
the minutes of the judge before whom the action was tried.

The action was brought to trial at the Schoharie Circuit, before
the court and a jury, on October 8, 1888, where a verdict was ren-
dered for the plaintiff for $698.05.

*N. C. Moak,* for the appellant.

*Hobart Krum,* for the respondent.

LEARNED, P. J. :

This is an action to recover damages for taking personal property.
The plaintiff recovered and defendant appeals. The plaintiff was
in possession of the property by virtue of executions issued on two

judgments recovered by one Mickle against one King on confession March 10, 1885, before a justice of the peace — one for $500, the other for $200. The defendant took the property by virtue of a chattel mortgage, executed to him by King December 30, 1884, and not filed until March 14, 1885. On the first trial it was urged that plaintiff was not a constable. That point was disposed of when the case was here before (42 Hun, 384), and will not be again considered. The principal questions now are as to the validity of the judgments and the regularity of the executions. It is urged that the confessions of judgment were, in fact, fraudulent, and also that the justice had no authority to take a confession of judgment, given, in fact, to secure contingent liabilities. In form the confessions authorize a judgment, but they state no facts of any kind, and show no cause of action. It is further claimed by the defendant that the affidavit attached to each confession is defective. On the trial it appeared that the alleged indebtedness for which these judgments were confessed was made up as follows:

1. A joint and several note made by King and Mickle, dated October 30, 1884, for $400 at one year, held by a bank at Middleburgh, when the confession was given. As between the parties Mickle was surety for King, who received the avails.

2. A promissory note made by King and Mickle, dated March 14, 1884, for forty-nine dollars and interest, at one year, held by George D. Brayman, on which Mickle was, in fact, surety.

3. A promissory note made by King and Mickle, dated March 13, 1884, for sixty-eight dollars and forty cents and interest, at ten months, held by Mrs. Foland, on which also Mickle was, in fact, surety.

4. An indebtedness on book account of about $64.37, and perhaps borrowed money $130.

There is evidence to the effect that just before the confessions Mickle and King looked over their affairs, and that there were found liabilities to over $700, including these notes; that they agreed to call the amount $700; that Mickle agreed to pay the notes if King would give the security, and that on this arrangement the judgments were confessed.

It is evident that the notes above mentioned formed the principal part of the indebtedness for which the judgments were confessed. The learned justice who tried the case expressed some doubt on the

question of the confession of these judgments for a contingent liability, but decided to hold the judgments good in that respect.

Section 2864 gives a justice of the peace jurisdiction to enter confession of judgments as prescribed in title 6 of chapter 19.

Sections 3010 and 3011 prescribe the mode, and are substantially like the provisions of the Revised Statutes. The third subdivision of the latter section requires that when the judgment exceeds fifty dollars there must be an affidavit of the parties "stating that the defendant is honestly and justly indebted to the plaintiff in the sum specified therein, over and above all just demands which the defendant has against the plaintiff. The argument of the defendant is that King was not indebted to Mickle at the time of the confession upon the notes, nor even upon Mickle's agreement to pay them, though he might become so indebted when Mickle paid. It is worthy of notice, in considering this question, that in regard to confessions in courts of record the Code is precise and clear. It gives express authority to confess for a contingent liability and requires a verified statement of the facts constituting such liability. (Secs. 1273, 1274; see *Flour City National Bank* v. *Doty*, 41 Hun, 76.) And some inference may be drawn therefrom that if confessions of judgment in Justice's Court were authorized for contingent liability, a similar provision would have been made for a statement of facts. In the present case the confession states no facts whatever. It does not show for what cause of action the judgment is to be entered, whether for assault and battery, for damages in taking a chattel, for money loaned, for goods sold. It only authorizes a judgment for a certain amount on no cause of action whatever. We have doubts whether such is the proceeding authorized by the Code. A "confession" means ordinarily the acknowledgment of some fact, and it is reasonable that facts should be stated, at least as fully as would be done in a complaint in the same court. This might be quite important in order to show the nature of the execution to be issued. (Sec. 3026.)

But, passing this, we come to the question as to the contingent liability. It is certain that at the time of the entry of the judgments King was indebted on the notes, not to Mickle, but to the holders. A principal is not indebted to the surety until the surety has paid the debt. Even though Mickle, in consideration of the

giving of these judgments, had agreed to pay the debt, still it could not be said that King was indebted to Mickle for these notes at the time when the judgments were given. Whether Mickle would pay them or not was uncertain. If he paid them, King would owe him; if he did not, King would not owe him. All was contingent. This is not saying that it would not be a lawful arrangement for King to secure Mickle on receiving such a promise. We are only examining whether the language required in the affidavit, viz., that the defendant is justly and honestly indebted to plaintiff in the sum specified, can be construed to comprehend such an arrangement. Mickle was already liable on these notes. He assumed no new obligations; he simply obtained a judgment against King before paying the notes, which he would have been able to recover after paying them. Only after he had paid them King would have become indebted to him; before, King was not. When, then, the Code requires such an affidavit, it shows that there must be an existing debt to the plaintiff. Probably the debt need not be yet payable. For that case a stay of execution is provided. (Sec. 3010.) But the defendant must owe the plaintiff. *Debitum in præsenti solvendum in futuro.* Debt existed in the present case, but not to this plaintiff, that is, as to the three notes. (*Smith* v. *Krauskopf,* 13 Hun, 526, and cases cited.)

But the plaintiff insists that, by the effect of the agreement between Mickle and King just prior to the confessions, $700 was due and owing by King to Mickle without any contingency. Very probably the agreement, based on the promise by King to confess judgment, might have been valid. But the agreement was nothing more than making Mickle the principal debtor and King the surety on the notes, as between themselves. And it could not be said that King was indebted to Mickle in that amount over and above all just demands.

The plaintiff urges that judgment may be confessed for a tort, and that a tort is not a debt. That may be true. But when the parties have settled and agreed on the damages which are to be paid in compensation for a tort, it might not be a forced construction to say, in such an affidavit, that the defendant was indebted in that amount. Whether, however, a case of tort is within these sections we need not decide.

It is true that in this case Mickle did subsequently pay these

notes. But we think that the learned justice correctly held that such payment was immaterial as to the point now considered. In confessions of judgment in courts of record, there is a special provision for the issue of execution when the debt is not all due; .the word " due " there meaning payable. (Section 1277; see *Jaffray* v. *Saussman*, 52 Hun, 561, and *National Park Bank* v. *Salomon*, 23 N. Y. St. Rep., 566.) In section 3026 it is provided that executions on justices' judgments must specify the sum recovered and the sum actually due. Now, whatever the meaning of the word " due " in this section, as the executions were issued the same day with the judgments, it is plain that, as to the amount of the notes, nothing was due in either meaning. And the executions, in fact, did not state that any amount was due, a defect which may be a mere irregularity.

We think, then, that the absence of any special provision for the entry of judgment on confession in Justices' Courts for contingent liabilities, with the requirement of the affidavit above referred to, shows that no such confessions were contemplated by the statute. There is reason for this, because proceedings in Justices' Courts are simple and adapted to plain cases. And it would seem strange, if judgments on contingent debts had been contemplated, that provisions similar to those of section 1274 were not added.

The plaintiff urges that the judgments are good, at least, to the extent not given to secure the notes. We do not see how, in regard to these justices' judgments, we can hold this.

There is a slight variation in the form of affidavits from that required by the Code, section 3011, subdivision 3. The affidavits follow the language of 2 Revised Statutes (m. p. 245, § 114, sub. 3). We do not think the variation is fatal.

We think, therefore, that these judgments on confession cannot be sustained, and that the judgment and order appealed from must be reversed and a new trial granted, costs to abide event. ·

LANDON, J., concurred; MAYHAM, J., not acting.