RIGHTMIRE *v.* SHEPARD.

(*Supreme Court, General Term, Fourth Department.* February, 1891.)

1. TRESPASS—WHAT AMOUNTS TO—INVOLUNTARY TRESPASS.
    Where defendant's cattle escaped from him while he was driving them along a highway, and went upon plaintiff's land, and defendant immediately pursued them, and drove them off as soon as possible, such entry is an involuntary trespass, for which defendant is not liable.

2. SAME—EVIDENCE—PRESUMPTION AFTER VERDICT.
    In an action for trespass a witness testified that defendant said that he tore down plaintiff's fence. Plaintiff testified that the fence looked as if defendant had hitched his team to it, and torn it down. Defendant testified that he told plaintiff that the fence would have to be removed, and that he tore it down to repair a highway. *Held,* that it would be presumed after verdict that defendant properly removed the fence to repair the highway.

Appeal from Tioga county court.

Action by Nathan Rightmire against James Shepard to recover damages alleged to have been occasioned by the defendant's cattle while trespassing upon the plaintiff's land, and for destroying the plaintiff's fence. From a judgment of the county court affirming a judgment entered in a justice's court for costs, plaintiff appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Charles A. Clark,* for appellant. *R. F. Bieber,* for respondent.

MARTIN, J.　The appeal-book shows that the defendant testified that his cattle were not on the plaintiff's premises at any time except when he was driving them along the highway which was on the side of the plaintiff's lot.　Whether they were upon the plaintiff's premises at other times was therefore a question of fact for the jury, and its determination of that question in defendant's favor should not be disturbed.

The proof also discloses that while the defendant was driving his cattle along the highway they sometimes escaped to the plaintiff's lot; that on those occasions he pursued and drove them off as soon as possible.　Such an entry upon the plaintiff's premises was but an involuntary trespass, for which the defendant would not be liable.　*Railroad Co.* v. *Munger*, 5 Denio, 256; *Goodwyn* v. *Cheveley*, 4 Hurl. & N. 631; 2 Wat. Tresp. § 872.

We do not think the judgment should be disturbed, because the jury did not allow the plaintiff damages for the removal of the defendant's fence. The proof upon this question was very meager.　One witness testified that the defendant said he tore it down.　The plaintiff testified that the fence looked as if the defendant had hitched his team to it, and torn it down, and that the damage to the fence was four or five dollars.　The defendant testified that he told the plaintiff the fence would have to be removed, and that he tore it down to repair the highway.　There is no evidence to show that the removal of this fence was wrongful, nor that the plaintiff did not consent to its removal.　That it was wrongfully removed, should not, we think, be presumed to enable us to reverse the judgment in this case.　The presumption, if any, is that it was properly removed by the defendant to enable him to repair the highway, and, after verdict, a presumption that will uphold a judgment should obtain, rather than one that would result in a reversal.　Moreover, the evidence tended to show that the fence was of little value, and we cannot say from it that the damages were more than nominal, and a judgment should not be reversed where the damages are only nominal.　*Stephens* v. *Wider*, 32 N. Y. 351.　We think the judgment should be affirmed.　Judgment affirmed, with costs.

MERWIN, J., concurs.

HARDIN, P. J.　Under some circumstances a judgment for nominal damages will be reversed.　*Countryman* v. *Lighthill*, 24 Hun, 405.　This case does not fall within the exception, and therefore I concur in the foregoing opinion.