FORRESTER *et al.* v. STRAUSS, Sheriff, *et al.*

(*Supreme Court, Special Term, New York County.* September, 1891.)

1. CONFESSION OF JUDGMENT—CLAIMS NOT DUE—INDORSER OF NOTE.
   Before maturity of a note held by a bank which had discounted it for the maker, there is nothing due from the maker to an indorser, and a confession of judgment on the note by the maker in favor of the indorser will be set aside at the instance of a subsequent judgment creditor of the maker.

2. JUDGMENT—COLLATERAL ATTACK—ACTION TO SET ASIDE EXECUTION.
   An action by a judgment creditor to set aside executions issued on judgments confessed by the debtor before the recovery of plaintiff's judgment is not a collateral attack on the judgments on which such executions were issued.

Action by William Forrester, Siegfried Berger, and Oscar Friedlander, as judgment creditors of Samuel and Joseph Gallinger, against Bernard Strauss and others, to set aside, as in fraud of plaintiff, certain judgments confessed

by the Gallingers in favor of defendants Strauss, Trier, and Ehrlich, and the executions issued thereon. Judgment for plaintiffs.

*Blumenstiel & Hirsch*, for plaintiffs. *Adolph L. Sanger*, for defendants.

INGRAHAM, J. By the statement in the confession of judgment in favor of the defendant Strauss it appears that no cause of action existed, at the time the judgment was entered, in favor of the party in whose favor the judgment was confessed. The note given by the debtor had been discounted by the bank, and was at the time held by the bank. It was the bank that was the creditor, and not the indorser of the note. No demand had been made by the bank against the indorser, as the note was not yet due, and it did not appear that the maker of the note would not pay when the note was due. The only obligation that the indorser assumed was that he would pay the note if the maker did not, and, when the note became due, the bank who held the note would have a cause of action against the maker. If the judgment in favor of the indorser was sustained, two judgments for the same debt could be entered against the maker, and he would be twice liable upon the same obligation. It is perfectly clear that there was nothing due to the party in whose favor the judgment was confessed, and that the judgment was entirely unauthorized. The same may be said as to the judgment in favor of Trier. That note had also been indorsed by Trier and discounted by the Chemical Bank, and it was the Chemical Bank which would be the creditor when the note became due, and not the indorser. By section 1274 of the Code, a judgment by confession must be entered upon the written statement made and signed by defendants, to the effect that, if the judgment to be confessed is for money due or to become due, it must state concisely the facts out of which the debt arose, and must show that the sum confessed therefor is justly due or to become due. Here, upon the facts stated in the written statement, it does not appear that the sum confessed is either justly due or to become due. There is no debt existing in favor of the alleged creditor against the debtor. As to the Ehrlich judgment, it appears that the plaintiff there held a promissory note for $2,000, which was not due at the time the judgment was entered, and, under the provision of the Code, a judgment could be confessed for the amount of the note, but execution could not be issued until the debt became due. Section 1277. This action was brought to set aside the execution upon these three confessed judgments. It was not a collateral proceeding, and in such action the validity of the judgment or execution is not questioned collaterally, but whether the application is made by motion in the action, or by a new action brought for the purpose of setting aside the void execution or judgment, the proceeding is a direct one to obtain relief from a void or voidable judgment, that prevents a subsequent judgment creditor from obtaining satisfaction of his judgment out of his debtor's property. It was held in the case of *Jaffray* v. *Saussman*, (Sup.) 5 N. Y. Supp. 629, "that it is competent for a subsequent execution creditor, in a direct proceeding for that purpose, as by motion, to attack the execution for invalidity, so far as it directs the sheriff to collect anything in excess of the sum presently due on the prior judgment." And that case was affirmed by the court of appeals on the opinion of the general term. 22 N. E. Rep. 1132. It seems clear, therefore, that plaintiffs in this action are entitled to judgment setting aside the judgments and executions in favor of Strauss and Trier, and setting aside the execution in favor of Dillon, and that the apparent liens created by such executions be adjudged to be subsequent to the lien of the plaintiffs, and that the defendants account for the amount received by them under the said executions; judgment to be settled on notice.