CHARLES GARDNER, Appellant, v. WILLIAM A. BAER et al., Respondents.

(County Court, Oneida County, January, 1899.)

Conversion — Damages — Proof of value by party alone.

> The owner of a horse and buggy who, because of a wrongful taking and detention by the defendants, has been deprived of the use of them for a day and two nights, is entitled to more than a nominal recovery.

> The usable value of the team may be proved by the evidence of the owner alone.

THIS is an appeal from a judgment rendered for defendants, upon the verdict of a jury, by Ward J. Cagwin, a justice of the peace of the city of Rome. In July last plaintiff left his horse and buggy hitched to the fence near a residence in the town of Whitestown. While plaintiff was in the house, defendants, without permission, took the rig and rode home in it. This was Saturday night. Defendants kept the rig until the following Monday morning, when it was sent home. Plaintiff was compelled to walk to his home one and one-half miles away. This action was brought to recover damages for the wrongful taking and use of plaintiff's property. The jury rendered a verdict for defendants.

D. F. Searle, for appellant.

M. H. Powers, for respondents.

DUNMORE, J. There is no question but that the verdict in this case was against the evidence. Plaintiff was entitled to recover something more than nominal damages. The use of the plaintiff's horse, wagon and harness was worth something. Plaintiff was deprived of their use for a day and two nights. Plaintiff testified that their use would ordinarily be worth $5, and that at that time they were worth to him $15, because he wanted to go to see a sick girl. This evidence was not disputed. It is certainly reasonable that the use was worth more than six cents. Plaintiff was wrongfully deprived of that use from Saturday night till Monday forenoon. It was urged in behalf of defendants that the horse was without

food and shelter, and defendants took the horse as an act of kindness to the animal. There is nothing in the evidence to warrant that inference. It was at a time of year when an animal would not suffer for lack of shelter. Before taking the horse, defendants sent into the house a request that plaintiff take them home, and getting no response they took plaintiff's horse to take themselves home, leaving plaintiff to get home as best he could. They seemed to be concerned, not about the horse, but about themselves. I do not think this case is within the rule that a judgment for defendant will not be reversed, where the plaintiff is entitled to only nominal damages laid down in Cady v. Fairchild, 18 Johns. 128; Stephens v. Wider, 32 N. Y. 351; Funk v. Evening Post Co., 76 Hun, 497.

The evidence of plaintiff as to the usable value of the property was not disputed. It certainly had a usable value. It is true this evidence was given by plaintiff who was interested, but it seems to me to come within the rule laid down in Kelly v. Burroughs, 102 N. Y. 93, in which the court said: "The mere fact that the plaintiff who testified to important particulars, was interested was unimportant in view of the fact that there was no conflict in the evidence, or anything or circumstance from which an inference against the fact testified to by him could be drawn," citing Lomer v. Meeker, 25 N. Y. 361.

The jury were not bound to find the exact amount of damage testified to by plaintiff, but they had no right to find that plaintiff had sustained no damage at all. It is true the amount involved is trifling, but as was said in Edmonson v. Machell, 2 T. R. 4, and quoted in Funk v. Evening Post Pub. Co., 76 Hun, 500: "I have always supposed that the party who has been affected by an error, be the extent of that injury ever so small, can require of us *ex debito justitiae* to correct it." Every citizen whose property rights are invaded is entitled to the protection of our laws, and the humble citizen whose interests and injuries are small equally with the wealthy citizen whose interests and injuries are large.

The judgment must, therefore, be reversed, with costs.

Judgment reversed, with costs.